# Meyer Bros. *v.* Mitchell.

*Bill in Equity for Specific Performance of Contract for Purchase of Land.*

1. *Description of land, in agreement to sell and convey ; parol evidence in aid of.*—As held in this case on the former appeal (75 Ala. 475), an agreement to sell and convey a parcel of land, part of a larger tract, described in the written agreement as "sixty acres Comida and cane-bottom, also ten acres hill-side woodland adjoining the Mitchell tract," is, on its face, void for uncertainty ; but parol evidence may be received to aid the uncertain description, and to identify the particular land intended to be sold, which was pointed out at the time, and of which the purchaser was put in possession.

2. *Same ; sufficiency of extraneous evidence identifying land sold.*—The particular lands intended to be sold being described in the amended bill with sufficient certainty, and the plat and survey made by the county surveyor, at the instance of the purchaser, corresponding substantially with this description, and its correctnesss not being impeached by any contradictory evidence ; this is sufficient to sustain the chancellor's decree granting a specific performance, although the lands were pointed out to the surveyor by the complainant himself, and the survey was made without notice to the defendants.

3. *Re-examination of witness ; what is revisable.*—It is irregular to re-examine a witness without an order of court, the granting of which is matter of discretion with the chancellor ; and if a deposition is thus taken without authority of an order, it is discretionary with the chancellor whether he will suppress the deposition or not ; and the exercise of this discretion, in either case, is not revisable on error or appeal.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. N. S. GRAHAM.

WHITE & WHITE, for appellants.

SUMTER LEA, *contra.*

CLOPTON, J.—At a sale of the real estate of Alanson Saltmarsh, made by his administrator in December, 1877, the complainant purchased a tract of land, consisting of about eight hundred and forty acres. A few days afterwards, by agreement, the complainant transferred to Rainey and Lovett his bid and purchase, on their assuming his obligation for the pur-

chase-money ; and they, in consideration, agreed in writing to give complainant "sixty acres of land, viz., fifty Comida and cane-bottom, also ten acres hill-side woodland joining the Mitchell tract." The particular sixty acres given to complainant was pointed out and designated, and he was put in possession, and continued in possession until about 1881, when he was forcibly dispossessed by Meyer Bros., to whom the land had been conveyed by Rainey, and who refused to recognize as binding on them the agreement with Rainey and Lovett. The bill is brought to compel specific performance of the agreement.

When the case was before us on a former appeal (75 Ala. 475), we held, that the agreement, unaided by other and extraneous evidence identifying the subject-matter, is void for uncertainty ; but that it was competent to show, by parol evidence, the particular land pointed out and designated, in pursuance of the terms of the agreement, and that complainant was put in possession thereof ; and when the contract is thus aided, the defect of uncertainty is cured. We also substantially held, that if the bill were amended, so as to set forth a correct and certain description of the land, the complainant, on satisfactory proof of the agreement, and of identification, would be entitled to a specific performance. The superadded description of the land in the original bill did not obviate the objection of uncertainty, and there was a variance between the allegations and proof in respect to the description. The cause was therefore remanded, that the complainant might, by an amendment, obviate the variance. After the remandment of the cause, the bill was amended, so as to allege a certain and specific description of the land.

On the former appeal, we found that complainant had done what was tantamount to the payment of the consideration price, and that Meyer Bros. had notice, before their purchase of the lands, of the claim of complainant ; and the execution of the agreement is proved. The equities of the parties having been settled, and the bill having been properly amended, the only remaining question on the merits is, whether the proof sufficiently identifies the land, as described in the amended bill, with the subject-matter of the contract.

Before the bill was amended, the complainant procured the county surveyor to survey the lands, but without notice to the defendants. The description of the land in the amendment to the bill corresponds with the description and boundaries as ascertained and testified to by the surveyor. The correctness of the survey is not impeached, and there is no reason to question it, if the correct lands were pointed out to him. It is insisted, however, that the correct lands were not pointed out.

[Jones v. McPhillips.]

A witness, the brother of the complainant, who was present, testified, that the lands surveyed are the lands embraced in this suit.   While this witness may not have known the exact boundaries, he knew the location and situation of the lands, for he had cultivated it for three years as the tenant of the complainant.   The complainant pointed out the lands to the surveyor. In his second deposition, he states the general boundaries as surveyed, and appends a plat of the fifty acres.   These, though more specific, correspond substantially with the general description of the land which he was to have, as given in his first deposition.   The agreement specified fifty acres " Comida and cane-bottom, and ten acres hill-side woodland."   The Comida and cane-bottom was known, and also the hill-side woodland. The surveyor surveyed so as to include the bottom, and finding that if he commenced at the gate, which was designated to complainant by Rainey as the starting point, it would take in more than fifty acres, he cut off six or seven acres adjoining the land of Meyer Bros.   Of this, they can not complain.   The survey appears also to be consistent with the description given by Rainey of the land that complainant was to have.   If the correct lands are not surveyed, it was in the power of the defendants to have shown it.   They prefer, however, to rely on the inability of complainant to make sufficient proof.   While the evidence might have been more explicit in some respects, it does not clearly appear that the chancellor is wrong in his finding of the facts.

It is irregular, after a witness has been examined, to re-examine him without an order of court.   Granting such order is discretionary with the chancellor.   If a witness is thus re-examined, the suppression of the deposition is in the discretion of the chancellor, and the manner in which he may exercise that discretion is not revisable.

Affirmed.