# Liles v. Ratchford.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Description of land in bill.*—In a bill which seeks to enforce a vendor's lien on land, alleged to consist of numerous subdivisions and parts of sections, some of which are not described with sufficient certainty, the addition of the words, "known as all that part of the Jack Smith lands lying north of High Pine Creek," cures the insufficient description of any of the parcels, the words being construed to have reference to the entire tract of land, and rendering it capable of identification by the aid of extraneous parol evidence.

2. *Parties to bill.*—When a bill seeks to enforce a vendor's lien on land, in favor of an assignee of the notes given for the purchase-money, after the death of the vendor, who retained the legal title, his heirs at law are necessary parties, as the holders of the legal title, if he died intestate; but, if the bill alleges that he left a will, the devisees are necessary parties.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 1st April, 1889, by William Ratchford, against J. D. Liles, L. W. Liles, and the personal representative and heirs at law of Herod Liles, deceased; and sought to enforce a vendor's lien on land, for the purchase-money alleged to be due and unpaid. The tract of land was sold by Herod Liles to said J. D. and L. W. Liles, on the 22d November, 1880, at the price of $3,500, of which $1,000 was paid in cash, and the purchasers' two notes given for the residue, for $1,250 each; and the vendor executed and delivered to them his bond for titles. On the 31st October, 1884, one of the notes for the purchase-money being entirely unpaid, and partial payments made on the other, both of them were assigned and transferred by Herod Liles, for valuable consideration, to Trammell & Allen; and they were afterwards transferred by said Trammell & Allen, for valuable consideration, to the complainant. The bill alleged that Herod Liles "departed this life during the summer of 1888, leaving surviving him the following named persons, as his only heirs at law and distributees," naming them, all of whom were made defendants; "that said Herod Liles left a will, in which Amos Liles was named as executor, and which has been duly probated in Chambers county; that letters

testamentary have been issued to said Amos Liles as execu-
tor, and he is now in possession of said estate, and said
estate owes a number of debts." The notes, which were made
exhibits to the bill, each stated on its face that it was "given
for all of that portion of land known as the Jack Smith land,
lying north of the High Pine Creek in Chambers county."

The tract of land was thus described in the bill: "The
W. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, and the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, of section 3;
also, a part of the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 3, lying
and being in the S. W. corner of said quarter-section, con-
taining ten acres, more or less; [also, all of that tract or parcel
of land lying on the west side of the West Point and Talladega
road, commencing at the original line where it crosses said
road, thence along said road to High Pine Creek, thence down
said creek to where the original line crosses it, thence up
said line to the road at the starting-point, being a part of the
E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section three; all in township 24,
range 25, containing in all two hundred and one and a half
acres;] also, the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of said section 3; also,
the N. $\frac{1}{2}$ of section 10, and the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$,
and the N. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 3, in said town-
ship and range, in Chambers county, Alabama, known as all
of that part of the Jack Smith lands lying north of High
Pine Creek."

The defendants demurred to the bill, so far as it sought any
relief against that portion of the land the description of
which, as copied above, is inclosed in brackets, "because
said description is too uncertain and indefinite to authorize
a decree against said land;" and also to the entire bill, be-
cause it did not make the devisees parties, nor show that the
legal title to the land had descended to the heirs at law.
The chancellor overruled the demurrers, and his decree is
here assigned as error.

SAMFORD & CHILTON, for appellants, cited *Long v. Pace*,
42 Ala. 495; *Hurt v. Freeman*, 63 Ala. 335; *Williams v.
Roe*, 59 Ala. 529; *Duval v. McLoskey*, 1 Ala. 708; 1 Brick.
Digest, 755, § 1730.

N. D. DENSON, *contra.*

SOMERVILLE, J.—1. We construe the phrase which
follows the detailed description of the land in the bill—viz.,
"*known as* all that part of the Jack Smith lands lying north

[Pegram v. Riley.]

of High Pine Creek"—as having reference to the entire lands previously described. Whatever defect, therefore, appeared in such previous description, was cured by this additional description, which would be sufficient in itself, when supplemented by extraneous parol evidence in aid of identification.—*Angel v. Simpson,* 85 Ala. 53; *Driggers v. Cassady,* 71 Ala. 529; *Myer v. Mitchell,* 77 Ala. 312. The demurrer based on the supposed uncertainty of description was properly overruled.

2. The bill alleges the death of Herod Liles, and the further fact that he died testate. There is no statement as to who were his *devisees* under the will. The legal title of the lands in controversy resided in the testator during his life, and on his decease presumptively passed under his will to his devisees. This title should have been brought before the court, in the person of those in whom it was vested. This difficulty is not removed by the averment, that certain named parties are the only *heirs* and *distributees* of the decedent. These words are generally applied to describe those who take the real and personal property of one intestate, and such is their significance in our Code. It *may be* that the testator died intestate, as to a portion of his property other than the land described in the bill. If so, the parties mentioned could well be heirs and distributees of such property, although they may have no interest in the land.

The demurrer based on this defect in the bill should have been sustained.

Reversed and remanded.