# Bogan *v.* Hamilton.

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Foreign judgment as evidence.*—A transcript of a will and its probate in a Court of Ordinary in Georgia, being duly certified and authenticated as required by acts of Congress, is entitled to equal faith and credit with a domestic judgment; and the presumption will be indulged in its favor, until proof to the contrary, that the court had jurisdiction of the subject-matter.

2. *Residuary bequest of property, "real and personal," as assignment of note for purchase-money.*—A bequest of the residue of the testator's property, "both real and personal," after payment of debts, etc., transfers to the legatee an unpaid note for the purchase-money of land sold by the testator, and the legal title to the land itself, which was vested in him at the time of his death; and the executors having made a final settlement of the estate, and delivered the note to the legatee, he is entitled, as assignee (Code, § 1764), to maintain a suit in equity to enforce the lien on the land.

3. *Description of land in title-bond.*—A tract of land described by the numbers of sections and townships, number of acres, and the words added, "all known as the Shook farm or place on the Coosa river," is described with sufficient certainty and definiteness, in a bond for title, and in a bill to enforce a vendor's lien, when the description is supplemented by proper parol evidence identifying it.

4. *Husband and wife as parties.*—A married woman, owning a promissory note which was given for the purchase-money of land, and which accrued to her as a separate estate under the laws of Georgia, her husband having no title or interest in it, either legal or equitable,

VOL. XC.

[Bogan v. Hamilton.]

may maintain a bill in equity in her own name to enforce a vendor's lien on the land (Code, § 2347), without joining her husband.

5. *Same.*—A married woman having bought a tract of land in her own name, giving her individual note for the unpaid purchase-money, her husband is improperly joined with her as a defendant (Code, § 2347), to a bill which seeks to enforce a vendor's lien on the land.

6. *Coverture as defense to suit.*—The coverture of a married woman is no defense to a suit in equity which seeks to enforce a vendor's lien on land which she bought in her own name, giving her own note for the unpaid purchase-money.

7. *Re-examination of witness.*—The re-examination of a witness in a chancery suit, without an order of court, is irregular; but it is discretionary with the chancellor whether or not he will suppress the deposition thus taken.

8. *Executors as parties to bill.*—When the complainant sues as assignee of a promissory note given for the purchase-money of land, claiming as residuary legatee under the will of the deceased vendor, and it is shown that the executors have made a final settlement of the estate, and delivered the note to the complainant, they are neither necessary nor proper parties to the suit.

9. *Averment of ability and readiness to make title.*—When the vendor's bond for title is conditioned to make a deed "upon the payment of said promissory note," given for the unpaid balance of the purchase-money, it is not necessary for an assignee of the note, suing to enforce a vendor's lien, to aver his ability and readiness to make title.

10. *Sub-purchaser as party to bill.*—A sub-purchaser of a part of the lands subject to a vendor's lien, having received a conveyance from his immediate vendor, is a necessary party to a bill to enforce a vendor's lien in favor of the original vendor, or an assignee of the note for the unpaid purchase-money due.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. S. K. McSPADDEN,

BURNETT & SMYER, for appellants.

WALDEN & SON, *contra.*

SOMERVILLE, J.—The bill is filed by the appellee, Mrs. Hamilton, against Geo. W. Bogan and his wife, Sophronia Bogan, its purpose being to enforce a vendor's lien on land. The land lies in Cherokee county, Alabama, and was formerly owned by one Alfred Shorter, who resided in Georgia. He sold the land to Mrs. Bogan, executing to her a bond for title, and placing her in full possession. The complainant claims to be the assignee of the unpaid note for the purchase-money, under the provisions of the last will and testament of Alfred Shorter, executed on July 18, 1881. The bill was filed on the 19th July, 1889.

1. The probate and also the contents of the will are proved by the transcript from the records of the Court of Ordinary of Floyd county, Georgia. This record seems to be properly certified, in accordance with the requirements of the act of

[Bogan v. Hamilton.]

Congress, and is authenticated in due form, so as to be entitled to equal faith and credit with a domestic judgment. Such being the case, although the Georgia court may be one of special and limited jurisdiction, the courts of this State are bound to presume that it legally possessed jurisdiction over the subject-matter upon which it professed to adjudicate, until the contrary is made to satisfactorily appear.—*Slaughter v. Cunningham*, 24 Ala. 260; *Dunlap v. Newman*, 47 Ala. 429; Freeman on Judg., § 605a; 2 Brick. Dig., 141, § 161. There is no force in the objection, that the record fails to show that the Georgia court had jurisdiction of the subject-matter, and all objections based on this ground were properly overruled.

2. The language of the will was effectual to transfer to Mrs. Hamilton the entire interest of the testator in the note and the land, when taken in connection with the other evidence in the case, showing that the executors fully settled up the estate, and delivered possession of the note to her as residuary legatee under said will. After directing the payment of his debts and funeral expenses, and making sundry dispositions of his property, the testator gives the remainder of his property, "both real and personal," to Mrs. Martha Hamilton, "to her sole and separate use," free from the debts and control of her husband. This transferred to her both the note and the legal title of the land, which remained vested in the testator to the date of his death.—*Pope v. Pickett*, 65 Ala. 487, *Harkins v. Hughes*, 60 Ala. 316; *Dickey v. Vann*, 81 Ala. 425. The legal title of the land, as well as that of the note, being thus in the complainant, she is substituted to all the rights of the original vendor, including the lien for the unpaid purchase-money, of which the note in suit is but the evidence.—*Lowery v. Peterson*, 75 Ala. 109; 3 Brick. Dig., 616, § 94.

3. The description of the land as contained in the bond for title, and in the bill, is sufficiently definite to escape the alleged defect of uncertainty. Following the description of parts of certain sections and townships, with a designation of the number of acres in the tract, is the phrase, "all known as the Shook farm or place on the Coosa river," which, in itself, is sufficiently certain without the aid of other parts of the description, when supplemented by proper parol identification. *O'Neal v. Seixas*, 85 Ala. 80, and cases there cited; *Liles v. Ratchford*, 88 Ala. 397.

4. The present suit is properly brought in the name of Mrs. Hamilton, without joining her husband as co-complainant. The note sued on was the separate property of the wife under the laws of Georgia, the statutes of that State making her a

VOL. XC.

*feme sole* in all matters pertaining to it, and her husband having no *scintilla* of title to it, either legal or equitable. For the recovery of such property, the wife is now required to sue alone in this State, both at law and in equity, the law of the forum being applicable as to the remedy.—Code 1886, § 2347; *Judge v. Wright*, 73 Ala. 324.

5. George W. Bogan was, however, improperly joined as a party defendant to the bill. The land was purchased by the wife, Mrs. Sophronia Bogan, alone, and, being situated in Alabama, it became her property under the laws of this State. The husband, under existing statutes, had no interest in the property as trustee, or otherwise. The statute requires, in such cases, that the wife be sued alone, "as if she were *feme sole.*"—Code 1886, § 2347. This, by clear implication, forbids the husband to join as a co-defendant in the suit; and we have many times so declared since the new married woman's law went into operation.—*Ramage v. Towles*, 85 Ala. 588; *Rooney v. Michael*, 84 Ala. 585; *Marshall v. Marshall*, 86 Ala. 383. The court erred in refusing to sustain the demurrer raising this objection on the trial.

6. The coverture of Mrs. Bogan, set up by plea, was no defense to a suit to enforce a vendor's lien on land, as is the present suit.—*Crampton v. Prince*, 83 Ala. 246; 3 Amer. State Rep. 718.

7. The re-examination of the witness D. B. Hamilton, without an order of the court, was irregular; but it was entirely discretionary with the chancellor to refuse to suppress the deposition thus taken by the complainant.—*Meyer v. Mitchell*, 77 Ala. 312; *Hall v. Pegram*, 85 Ala. 522.

8. The executors of the testator, Alfred Shorter, having made a final settlement of his estate in the Court of Ordinary of Floyd county, Georgia, and having delivered up the possession of the note in suit to the complainant, as residuary legatee under the will, they were neither necessary nor proper parties to the present suit.—*Marshall v. Marshall*, 86 Ala. 38.

9. The obligation imposed on the vendor by the title-bond was to make a quit-claim deed to the purchaser, "upon the payment of said promissory note" for the unpaid balance of the purchase-money. There was no necessity, therefore, for the complainant to allege in her bill her ability and readiness to make title. This averment is necessary only where the payment of the purchase-money, from the terms of the sale, is to be contemporaneous with, or subsequent to a conveyance. *Davis v. Smith*, 88 Ala. 596; *Munford v. Pearce*, 70 Ala. 452.

10. The record discloses the fact, that the defendants,

[West v. West:]

Bogan and wife, sold and conveyed a portion of the lands in controversy to one Henry W. Lowe, several months prior to the commencement of the present suit. The sub-purchaser, Lowe, should therefore have been made a party defendant to the bill. He was not only a proper, but necessary party, in the enforcement of the vendor's lien.

There is no merit in the other contentions raised by the appellants.

For the failure to sustain the demurrer of Geo. W. Bogan, based on the error of his joinder as a co-defendant with his wife, and the omission to make Lowe a party defendant to the suit, the decree of the chancellor is reversed, and the cause remanded.