# Clements *v.* Motley.

*Bill in Equity to enforce Vendor's Lien.*

1. *Vendor's lien; when bill insufficient* —Where, in a bill filed by the indorsee of purchase money notes to have declared and enforced a vendor's lien, the only averment tending to show that complainant is entitled to the relief prayed for is that the defendant executed the notes for the purchase of the land, but it nowhere appears that the defendant himself was the purchaser or that the title was divested out of the vendor and invested in defendant, and there is no averment from which it can be inferred where the title to the land resides, such bill is insufficient and demurrable for its failure to clearly show in whom the legal and equitable title to the land is invested.

2. *Husband and wife ; transfer of property while the Code of 1876 was in force.*—A written transfer of notes constituting a part of the statutory separate estate of a woman, in December, 1885, which is signed by the wife and her husband and attested by only one witness and not acknowledged, is void and vests no interest, legal or equitable, in the transferee; since under the statute then of force (Code of 1876, §§ 2707–2708) a sale of property belonging to the statutory separate estate of a married woman was required to be by an instrument in writing executed by the husband and wife jointly and attested by two witnesses or acknowledged.

3. *Pleading and practice ; plea denying ownership of note not required to be verified in chancery suits.*—The statute and rule of court requiring that a plea denying the execution or ownership of the note which is made the basis of a suit to be verified by affidavit, (Code of 1896, § 3296 ; Rule of Practice 29; p. 1200). does not apply to suits in equity, since it is always necessary in chancery suits to have before the court both the legal and equitable title

4. *Vendor's lien; identity of land must be shown before decree authorized.* Where in a suit filed by the holder of purchase money notes to have declared and enforced a vendor's lien, the evidence fails

[Clements v. Motley.]

to identify the lands described in the bill with that for the purchase of which the notes were given, or to connect the land in any way with the transaction, a decree declaring the debt evidenced by the note a lien on the land described in the bill is unauthorized and erroneous.

5. *Same; when evidence as to identity of lands inadmissible* —On a bill filed by the holder of purchase money notes to have declared a vendor's lien on certain lands specifically described in the bill, the testimony of the complainant that the only knowledge that he had that the land described in the bill was the same as that for which the notes were given was derived from statements made to him by the vendor, and from his having read the probate record of a deed from the vendor to the defendant, is incompetent, illegal and inadmissible

APPEAL from the Chancery Court of Clay.

Heard before the Hon. S. K. McSPADDEN.

The facts of the case are sufficiently stated in the opinion. From the final decree of the chancellor, which is referred to in the opinion, the respondent in the case of Motley, surviving partner, &c., v. M. K. Clements, appealed, and the complainants in the case of B. A. & Tempey Clements v. John D. Motley, surviving partner, appealed.

KNOX, BOWIE & DIXON, THOS. L. BULGER and W. M. LACKEY, for appellant.—There was no sufficient evidence to identify the lands described in the original bill as being the lands for which the notes sued on were given. The notes only showed that they were given for a certain tract of land in Clay county, Alabama, near Mad Indian Creek, which description was void for uncertainty. *Thompson v. Gordon*, 72 Ala. 455 ; 3 Brick. Dig. 798.

The complainant had no interest in the notes the subject of this suit made by the respondent as the evidence shows that they were the statutory separate estate of the wife ; the transfer was made under the old married woman's law as set forth in sections 2707, 2708 of the Code of 1876, in which it is said, the property of the wife or any part thereof may be sold by the husband and wife and conveyed by them jointly by an instrument in writing attested by two witnesses or acknowledged in the manner provided by law for taking acknowledgments of

[Clements v. Motley.]

the wife. This, as is shown by the exhibits and all the testimony, was not done. "The statutory separate estate of the wife can be conveyed or transferred only in the mode prescribed by statute ; no other mode can be substituted or recognized by the courts."—*O'Neal v. Robinson,* 45 Ala. 526 ; *Hammond v. Thompson,* 56 Ala. 589 ; *Williams v. Auerbach,* 57 Ala. 90 ; *Pollak v. Graves,* 72 Ala. 347 ; 3 Brick. Dig. 552, and cases cited.

A sale of personal property, statutory estate, shown by an instrument in writing signed by the husband and wife but not attested or acknowledged as required by law, will not pass title.—*Kieser v. Baldwin,* 62 Ala. 526 ; *Reaves v. Linam,* 57 Ala. 564. A contract or transfer made by a wife not certified by a justice of the peace or attested by two witnesses is void in a court of law and can not be enforced in a court of equity as a contract to convey.—*Blythe v. Dargan,* 68 Ala. 370 ; *Reaves v. Linam, supra.*

GEORGE D. MOTLEY and PEARCE & STEED, *contra.*

SHARPE, J.—On July 9, 1887, John D. Motley, as surviving partner of C. P. Motley & Son, filed his bill against M. K. Clements to have a vendor's lien declared and enforced against certain described property, to satisfy an indebtedness evidenced by two promissory notes for $400 each, alleged to have been executed by appellant, payable to Tempy Clements, and transferred and assigned by Tempy Clements and B. A. Clements to complainant on December 17, 1885. In September, 1887, Tempy Clements and B. A. Clements filed their bill against John D. Motley as surviving partner of C. P. Motley & Son, alleging that a certain conveyance of lands, belonging to the statutory separate estate of the said Tempy Clements, executed and delivered by her and her husband to defendant, on December 17, 1885, together with a transfer to him of two promissory notes, executed by M. K. Clements payable to Tempy Clements (being the same notes described in the bill filed by Motley against M. K. Clements), was intended, when delivered, merely to secure a supposed indebtedness due from Tempy Clements to Motley, which indebtedness, it

37

was alleged, had been paid. The bill prayed that the instrument purporting to be a deed be declared to be a mortgage, and as such null and void, and that a reference be ordered to the register to take and state an account between the parties, and for general relief, and complainants offered to pay whatever sum might be found to be due to said Motley. On March 24, 1893, these two causes were by an order of the court consolidated and heard as one, and on March 25, 1893, a single decree was rendered in both causes, which simply declared the deed from Tempy Clements to Motley to be a mortgage, and ordered a reference as prayed. In September, 1893, upon the coming in of the register's report, another decree was rendered which ascertained that the amount due from Tempy Clements to Motley was $283.71, for the payment of which a vendor's lien was declared in favor of Motley on the land described in the bill filed against M. K. Clements, and the land was ordered to be sold to satisfy said debt.

There was no objection made to the consolidation of the causes, and there is no assignment of error relating to this action of the court. The evidence on the reference is not set out in the record, and there are no errors assigned by Tempy Clements and B. A. Clements. The report of the register, as corrected by the court upon exceptions taken and confirmed, finding a balance of $283.71 due from Tempy Clements to Motley, must, therefore, be treated as conclusive, and the only questions presented for decision relate to the proceedings had in the cause of Motley v. M. K. Clements. The only averment in the bill of complaint in this cause tending to show that complainant is entitled to a vendor's lien is as follows: "Orator further avers that said notes were made, executed and delivered to Tempy Clements for the purchase of the following lands" (describing them) ; and the notes attached as exhibits to the bill, contain the clause: "This note is given for value received in the purchase of a certain tract of land lying near Mad Indian Creek in Clay Co., Ala." On the back of these notes is indorsed: "For value received we hereby transfer to John D. Motley, surviving partner of C. P. Motley & Son, all the interest and title we have to the within de-

scribed notes, giving and granting unto him all the right and privileges that we have to enforce a vendor's lien on the lands for which said notes were given. Witness our hands and seals, the 17 day of December, 1885. B. A. Clements, (Seal), T. Clements, (Seal). Witness: W. E. Bosworth, Justice of the Peace." The averments of a bill to declare and enforce a vendor's lien should clearly show in whom the legal and equitable title to the lands is vested, and make parties all persons in whom such title is vested. If the legal title has been divested out of the vendor, the person in whom it is vested, or in whom it resides at the time of the filing of the bill, is a necessary party, and if the averments of the bill are such that it does not appear in whom the title resides, the bill is demurrable. In the absence of the parties owning the legal and equitable title, the court has no jurisdiction to order the sale of the land.—*Liles v. Ratchford*, 88 Ala. 397 ; *Bogan v. Hamilton*, 90 Ala. 454. Although the bill avers that defendant executed the notes for the purchase of the lands, it nowhere appears that he was himself the purchaser, or that the title is now or ever was divested out of the vendor and vested in him, and there is an entire absence of averment from which it can be inferred where the title resides. The demurrer, which was sufficient to raise this objection, should, therefore, have been sustained.

Defendant interposed a plea, verified by affidavit, in which it was averred that at the time of the transfer of the notes to complainant, the said Tempy Clements was a married woman, the wife of B. A. Clements, and that said notes were her statutory separate property ; the purpose of the plea being to deny complainant's ownership of the notes, and the same facts were set up in the answer. It is manifest if the transfer of the notes vested no interest in them in complainant he could not maintain a suit to have a lien declared in his favor on the land for which they were given. The statute in force at the time of the attempted transfer (§ § 2707, 2708, Code of 1876), which required a sale of property belonging to the statutory separate estate of a married woman to be by an instrument in writing executed by the husband and wife jointly, and attested by two witnesses or acknowledged, prescribed the only mode by which the title

to such property could be divested out of the wife. Any attempted transfer or conveyance which failed to comply with the statutory requirements was not only voidable but absolutely void, and vested no interest, legal or equitable, in the transferee or grantee which could be asserted in any action to the successful maintenance of which title was necessary.—*Smyth v. Oliver*, 31 Ala. 39 ; *Williams v. Auerbach*, 57 Ala. 90 ; 3 Brick. Dig. 552. The bill itself showed that the attempted transfer of the notes was attested by only one witness and was not acknowledged, and therefore vested no title in complainant, if the notes were the statutory separate property of Tempy Clements, and she was a married woman at the time, and hence the plea, construed in connection with the bill, set up a complete defense to the whole action. The motion to strike the plea from the file was, therefore, not properly granted on any of the grounds specified therein. The same defense was set up in the answer, and amply sustained by the evidence. As thus interposed it was not verified by affidavit, but the statute and Rule of Court requiring such defenses to be sworn to do not apply to suits in equity, in which it is always necessary to have before the court both the legal and equitable title. *McGhee v. Imp. & Trad. Nat. Bank*, 93 Ala. 196.

The legal evidence in the case, fails wholly to identify the land described in the bill with that for the purchase of which the notes were given, or to connect the land in any way with the transaction, and it was, therefore, insufficient to authorize the decree declaring the debt evidenced by the notes a lien on the land described and ordering its sale. The only testimony on the subject was that of complainant, who testified that the only knowledge he had that the land described in the bill was the same as that for which the notes were given was derived from statements made to him by Tempy Clements, and from his having read the probate record of a deed from Tempy Clements to M. K. Clements. This testimony was objected to, and, being clearly illegal, should have been excluded.

The result is, that the decree of the chancellor so far as it grants relief against the appellant M. K. Clements, is reversed. In all other respects, the decree is affirmed.

[Pullman Palace Car Co. v. Adams.]

The appellee John D. Motley must pay the costs of the court of chancery to be taxed by the register, and the costs of appeal in this court and in the court of chancery.

Reversed and rendered.

The foregoing opinion was prepared by Hon. ROBERT C. BRICKELL, late Chief Justice, before his retirement, and was adopted by the present court.