## Coskrey et al. v. Smith.

### Statutory Action of Ejectment.

1.  Vendor and purchaser; rights of purchaser as against title ac-
    quired at the foreclosure of a lien.—While it is generally true
    that a title acquired upon foreclosure of a lien relates back
    to the inception of the lien, so as to cut off intervening aliena-
    tions, such rule has no application to grantees of the legal title
    before the foreclosure, upon a valuable consideration and with-
    out notice; and, therefore, one who purchases lands upon a
    valuable consideration without notice of a note for a part of
    the purchase money being outstanding, and receives a convey-
    ance thereof, acquires a title superior to a purchaser at a sub-
    sequent sale under a foreclosure of the lien of the vendor for
    the unpaid balance of the purchase money as evidenced by
    said note.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment, brought by
the appellee, R. W. Smith, against D. B. Coskrey, as
tenant of A. D. Wall, H. M. Sessions and C. A. Stokes,
who were also made parties defendant to the suit. The
cause was tried upon issue joined upon the plea of "not
guilty."

On the trial the plaintiff introduced evidence tending
to show the following facts: On January 31, 1891, M.
Connor and wife sold to R. C. Freeman the lands in-
volved in this suit and executed a deed thereto, which
was regular in every way. R. C. Freeman went into pos-
session of the land under this deed, and on September
28, 1891, he and his wife sold said land to W. T. Free-
man and executed a deed properly acknowledged and
filed for record. Under this deed W. T. Freeman went
into possession of said lands and subsequently borrowed
from R. W. Smith, the plaintiff, the sum of $570.58,
for which he executed his note and mortgage to said R.

W. Smith. Subsequently, on February 18, 1893, the said
W. T. Freeman and wife executed their note and mort-
gage to R. W. Smith on said lands to secure the same
indebtedness. On January 19, 1897, W. T. Freeman
and wife executed a deed to said lands to said Smith, in
satisfaction of the indebtedness secured by said mort-
gages, and it is under this deed the plaintiff claims title
to the property sued for.

The defendants introduced in evidence a note which
was executed on December 14, 1893, by W. T. Freeman
and R. C. Freeman, for $240.80, which was made pay-
able on October 15, 1894. The defendants further proved
that at the time of the execution of the deed introduced
in evidence by the plaintiff from R. C. Freeman to W. T.
Freeman, the said W. T. Freeman executed, as a part
of the consideration of the purchase of said lands con-
veyed in said deed, the note for $240.80, which was intro-
duced in evidence. It was further shown that the note
had never been paid, and that R. C. Freeman transferred
said note to Wall, Stokes & Co., a partnership composed
of the defendants, A. D. Wall, C. A. Stokes and H. M.
Sessions; that said note belonged to Wall, Stokes & Co.,
on May 17, 1897, at which time they filed their bill of
complaint in chancery for the purpose of enforcing a
vendor's lien upon the lands here sued for, in order to
secure the payment of said note. This bill was filed
against W. T. Freeman alone.

On June 7, 1898, the chancery court rendered a decree
adjudging that the complainants in said bill had a ven-
dor's lien upon said land. On February 6, 1899, a decree
was rendered in the chancery court ordering the sale of
said land for the satisfaction of complainant's demand.
Subsequently, on March 20, 1899, the lands were sold by
the register of the court and purchased by A. D. Wall,
C. A. Stokes and H. M. Sessions, the defendants in the
present suit; the register making a deed of said lands
to the purchasers. It was further shown that the de-
fendant, D. B. Coskrey, was the tenant of the other de-
fendants, and in possession of said land.

Upon the introduction of all the evidence, the court,
at the request of the plaintiff, gave the general affirma-

tive charge in his behalf. The defendants duly excepted to the giving of this charge and also excepted to the court's refusal to give the general affirmative charge requested by them.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the giving of the general affirmative charge requested by the plaintiff and the refusal to give the general affirmative charge requested by the defendants.

FOSTER, SAMFORD & CARROLL and SOLLIE & KIRKLAND, for appellant, cited, 20 Encyc. of Law, 733, 734; 8 Encyc. of Law, 273; 2 Jones on Mortgages, § 1554.

M. N. CARLISLE, contra.

McCLELLAN, C. J.—The doctrine whereby a title acquired upon foreclosure of a lien relates back to the inception of the lien so as to cut off intervening alienations has no application to grantees of the title before foreclosure upon valuable consideration and without notice. There was no occasion or opportunity for Smith, the plaintiff in this statutory real action, to formally propound his status as a purchaser of the legal title for value and without notice of the lien by replication or other pleading; but he brought himself and his title *prima facie* within the protection of that principle when he showed by uncontrovertible evidence that he was a purchaser for value of the legal title and that it was conveyed to him by the mortgages executed by W. T. Freeman, and also by the latter's deed in satisfaction of the last mortgage. Upon the case thus made, the onus was on the defendants to show that he so purchased and paid value with notice of the lien in favor of W. T. Freeman's vendor. This onus not having been discharged, no evidence tending to show such notice having been offered, Smith, the plaintiff, was entitled to the affirmative charge given for him by the court.

Affirmed.