# Nunnelly *v.* Barnes *et al.*

139 657
144 538

### Statutory Action of Ejectment.

1. *Bill to enforce vendor's lien; sub-purchaser proper party to bill.* A sub-purchaser of a part of land, which is subject to a vendor's lien, having received a conveyance from his immediate vendor, is a necessary part to a bill to enforce the vendor's lien in favor of the original vendor or an assignee of a note given for the unpaid purchase money due the original vendor.

2. *Vendor's lien; decree enforcing same not binding upon a sub-vendee who was not a party to suit.*—The owner of property, while in possession, executed a warranty deed in which there was a recital that the grantees therein had given the grantor purchase money notes for the deferred payments. The grantees in said deed subsequently sold and conveyed said lands. Upon a judgment recovered against the sub-vendees, execution was issued and levied upon said lands, which were sold under said execution and from the purchasers at the execution sale the plaintiff purchased and received a deed to said lands. Thereafter the transferee of the notes taken by the original vendor, upon said notes not being paid, filed a bill against the grantees in the original deed to enforce a vendor's lien. Neither the sub-vendee nor the plaintiff were made parties defendant to this bill. A decree was rendered granting the relief prayed for and ordering the land

42

sold. At the sale of said land, the defendant, who was a transferee of said note and the complainant in said bill, became the purchaser. *Held*: That said decree enforcing the vendor's lien was not effectual to divest plaintiff's title, and that in an action of ejectment plaintiff was entitled to recover.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment, brought by the appellant, M. Nunnelly, against the appellees. Originally the defendants Barnes and others were tenau s of one Rogers upon said land. Subsequently Rog rs, the landlord, was made a party defendant to the suit. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court upon the evidence to which exceptions were r served, and also the rendition of judgment in favor of the defendant.

MOTLEY, CARSON & SIVLEY, for appellant.—No person can be divested of title to his property in a suit between other parties of which he has no legal notice, and a judgment rendered in such a suit is not binding uj on him and is not admissible in evidence against him in any future proceeding in which the title to the property is in controversy.—*Foster v. Powers*, 64 Tex. 247; 21 Am. & Eng. Ency. Law (1st ed.) 178, note; *Rowland v. Day*, 17 Ala. 681; 28 Am. & Eng. Ency. Law (1st ed.), 159.

DORTCH & MARTIN, *contra.*—The judgment of the court, which was proper, was based upon the doctrine of relation. By this doctrine the vendor's lien which was confessedly prior to any rights of the execution purchaser when it had ripened into a decree of sale and the sale had been confirmed and register's deed to the purchaser, the title thus acquired related back and took

effect from the date when the vendor's lien attached to the land, so as to make such title superior to any intervening mortgagees or purchasers from the person who meanwhile held the title to the land.—*Coskrey v. Smith,* 126 Ala. 120.

SHARPE, J.—On the trial the following facts appeared in evidence: In 1889, Benjamin F. Smith, being in possession of the land in controversy, made, together with his wife, Anna Smith, a warranty deed therefor to Samuel M. and Martha P. Heald, in which deed there was a recitation of the giving of purchase money notes by those grantees to Benjamin F. Smith. In 1890, Samuel M. and Martha P. Heald conveyed part of the land to Alice Ramsey. In 1892, Lewis obtained a monied judgment against Samuel M. Heald and Mark Z. Ramsey, which was enforced by execution, whereunder the land was sold and bought by Blackwell and Mot'ey who received the sheriff's deed therefor, and they in the same year executed a deed to the same to this plaintiff. The deeds above mentioned excepting that to Alice Ramsey were each recorded within thirty days from their respective dates.

In 1896, the defendant Rogers sued in chancery against Samuel M. and Martha P. Heald alone and obtained a decree purporting to establish a lien on the lands in favor of himself as transferee of the notes originally taken by Benjamin F. Smith, and at a sale made pursuant to that decree Rogers bought the land and received therefor the register's deed.

The regularity of the proceedings had under the judgment and the execution at law, are not here questioned, nor do the defendants assert that the purchasers at the execution sale and the plaintiff in turn did not acquire title through the deed received by them, respectively. Defendants contend, however, that the doctrine of relation applies to give them superiority in title, the theory of that contention being, as stated in their brief, that "the vendor's lien which was confessedly prior to any rights of the execution purchaser when it ripened into a decree of sale and the sale had been confirmed and the

register's deed made to the purchaser, the title thus acquired related back and took effect from the date when the vendor's lien attached to the land so as to make such title superior to any intervening mortgagees or purchasers from the person who meanwhile held the title to the land."

It may be, by reason of the recitals as to the purchase money notes contained in the deed of the Smiths, plaintiff was constructively charged with notice of the lien for purchase money and that had his title been brought within the litigation in chancery a decree could have been rendered whereby that title would have been subordinated to the lien. Plaintiff, however, having acquired his title before the beginning of the chancery suit and not having been a party thereto, the decree therein did not bind him or divest him of title.—*Owen v. Bankhead,* 76 Ala. 143; *Clements v. Motley,* 120 Ala. 575; *Bogan v. Hamilton,* 90 Ala. 454; *Lebeck v. Fort Payne Bank,* 115 Ala. 447; Freeman on Judgments, § 154.

The chancery decree was, therefore, as to the plaintiff as if it had never been rendered. It was not effectual to establish as against him the existence of a lien or even of a debt for purchase money and, therefore, neither the decree nor the sale and conveyance made thereunder was effectual to establish in Rogers a title dominating that of plaintiff, by relation back or otherwise. Nothing opposed to this conclusion was decided in the case cited for defendant of *Coskrey v. Smith,* 126 Ala. 120.

Viewed apart from the chancery proceedings the position of Rogers was no stronger than that of the owner of an equity such as is not available to defeat an action of ejectment brought by one who has the legal title, acquired with or without notice of the equity.

What has been said disposes of what is conceded to be the controlling question and indicates that in denying the plaintiff the right to recover any part or interest in the land, the trial court was in error.

Reversed and remanded.