# Baldwin, *et al. v.* Alexander, *et al.*

*Bill by Sureties of Administrator for Subrogation Against the Vendees of the Heirs of the Estate.*

(Decided July 3, 1908. 47 South. 176.)

*Subrogation; Right of Surety of Administrator.*—Where the administrator was adjudged liable on a claim presented to him against the estate after he had distributed the assets of the estate to its heirs, and the judgment rendered against the administrator was paid by his sureties, the right of the sureties to be reimbursed by the distributees is no greater than would have been the right of the administrator, had no greater than would have been the right of the administrator, had he paid the judgment; and in order to require such reimbursement from the heirs, it must be shown that the administrator made the distribution in good faith and without knowledge or information of the claim.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by A. M. Baldwin and others, as sureties on the bond of W. D. Whetstone, administrator of the estate of Mills Rodgers, against J. L. Alexander and others as vendees of the heirs of Mills Rodgers seeking to hold the land distributed to the heirs liable for a debt paid for the administrator. From a decree for respondents complainants appeal. Affirmed.

GUNTER & GUNTER, for appellant. The court says that there is not a single fact in evidence in the case

[Baldwin, et al. v. Alexander, et al.]

showing that the distribution of the assets by the administrator was made without notice of the claim to which he was subsequently subject, which is the basis of the equity of the appellants. And then it quotes the *general rule* on that subject conceded and expressed in *Alexander v. Fisher*, 18 Ala., and quoted by Judge Stone in *Moore v. Lesueur*, 33 Ala. at page 247-8, as being the rule governing this case. The same great judge who decided the *Lesueur case* in *Carroll v. Malone*, 28 Ala. 521, delivered an opinion which affirmed the well known general rule, that the negative averment of want of notice did not have to be proved by the party making the averment. It was then that he, speaking for a very able bench, said, that the proposition of requiring a negative averment to be proved by the pleader was "monstrous," on the plain and obvious rule stated in 2 Hughes on Procedure 840-1, that the law excludes by construction absurdities, and never respects vain and impossible requirements. This ruling in the case of *Carroll v. Malone*, has been often approved in Alabama, and it is, and has always been, the law everywhere.—*Shelley v. Graves*, 29 Ala. 387; *Webb v. Webb's Heirs*, Id. 606; *Henry v. Porter*, Id. 621; *Andrews v. Huckabee's Adm'r*, 30 Ala. 149; *Vincent v. Rodgers*, Id. 477; *Hunt's Heirs v. Ellison's Heirs*, 32 Ala. 213; *Bartless v. Varner's Ex'r*, 56 Ala. 583; *Wolff v. Nall*, 62 Ala. 25; *State v. City Council of Montgomery*, 74 Ala. 232; *First Nat. Bank v. Dawson*, 78 Ala. 71; *Scholze v. Steiner*, 100 Ala. 153; *Carpenter v. Devon*, 6 Ala. 718; *Walker v. Palmer*, 24 Ala. 358; *McCauley v. State*, 26 Ala. 135; *Haney v. Cololy*, 57 Ala. 179. The subject is treated generally and cases from every state in the Union cited, in 2 Ency. of of Evidence, 800.

Payment, since it is a duty on the debtor to pay and is to the interest of the creditors to collect, will be presumed from the lapse of time alone. Independent of

[Baldwin, et al. v. Alexander, et al.]

statutes, this presumption is judicially fixed as operating *Per se* on the expiration of twenty years from the maturity of the debt. And in connection with other circumstances the presumption may arise in less than twenty years. 1 Eliott on Evidence sec. 119, and the numerous cited cases; 22 Ency. of Law, 2 ed. 596, and cited cases; 2 Whart. on Evidence, sec. 1360; *Phillips v. Adams*, 78 Ala. 225; *May v. Wilkerson*, 76 Ala. 543; *Lipscomb v. DeLemos*, 68 Ala. 592.

MARKS & SAYRE, and STEINER, CRUM & WEIL, for appellee. It is clear that, by reason of the conceded fact that the administrators of Mills Rogeds estate received ample personal assets, with which to pay the debts, the jurisdictional fact authorizing a sale of decedent's lands is entirely lacking, and that the creditor must exhaust all of his remedies against the administrators and their sureties. —*Scott v. Ware*, 64 Ala. 174; *Pyke v. Searcy*, 4 Port., 59; *Steele v. Steele*, 64 Ala. 455; *Banks v. Spear*, 97 Ala. 560; *May v. Parham*, 68 Ala. 253; *Daniel v. Baldwin*, 40 So. Rep. 421; *Sharp v. Sharp*, 76 Ala. 317. But even if the distribution had been made to the heirs, the judgment recovered by the creditor against the administrator and the return of the execution "No property" *de bonis intestatis*, is conslusive on the administrator and his sureties, so far as the creditor is concerned, of a *devastavit.—Daniel v. Baldwin*, 40 So. Rep. 421; *Banks v. Spear*, 97 Ala. 560. A creditor having obtained a judgment against an administrator for a *devastavit* cannot subject the descended lands of an estate until after *unsuccessfully* exhausting all his remedies against the administrator and his sureties.—*Scott v. Ware*, 64 Ala. 174; *Steele v. Steele*, 64 Ala. 455; *Banks v. Spears*, 97 Ala. 560; *May v. Parham*, 68 Ala. 256.

5 R

TYSON, C. J.—The bill in this case was brought by the appellants who were sureties upon the bond of W. D. Whetstone, as administrator of the estate of Mills Rogers, deceased, for the purpose of subjecting certain described lands now held and claimed to be owned by the appellees by virtue of titles derived from the heirs at law of the said Mills Rogers, deceased. The right of the complainants to maintain the bill is founded in part upon the alleged fact that their principal was adjudged liable, as administrator, in the sum of more than $6,000, at the suit of a creditor of the estate, after the distribution by him of the personal assets belonging to it to the heirs at law entitled thereto "in good faith * * * at their request, without any knowledge or information of the existence of the claim" of the creditor, and that upon a return of executions de bonis intestatis and de bonis propriis of "No property found," issued upon the decree against the administrator, an action was brought by the creditor against the appellants and judgment recovered, which was paid by them.

It is entirely clear that the appellants right to subject the lands to the payment of their claim is neither greater nor less than would be the right of the administrator, had he paid the creditor's demand and instituted this suit; and it is also clear that the administrator would have no right to subject the distributees to liability unless he in good faith distributed the personal assets of the estate. In short, "to entitle the representative (administrator) to be reimbursed, the payment must be made in the confidence that the assets will be sufficient for all purposes, and that the deficiency is shown by unexpected occurrences or by debts and claims made known at a subsequent time."—*Moore v. Lesueur*, 33 Ala. 237. In *Harkins v. Hughes*, 60 Ala. 322, it is said: "An executor or administrator, with full knowledge of

[Baldwin, et al. v. Alexander, et al.]

outstanding debts, volunteering to pay legacies or make distribution, cannot, if the assets prove deficient, compel the legatee or distributee to refund. * * * The rule is not inflexible; but there must be some fact or circumstance relieving the executor or administrator from the presumption of negligence, and evincing good faith on his part, or it cannot be departed from." See, also, *Baldwin v. Alexander*, 145 Ala. 186, 40 South. 391, 393. It is apparent from these cases that the averment in the bill with respect to Whetstone's good faith, etc., was essential to its equity, and therefore necessary to be proved; and the burden of proving it was, of course, upon the complainants. We find not a single fact or circumstance in the record "relieving the administrator from the presumption of negligence and evincing good faith on his part." It is scarcely necessary to say that, unless the right to reimbursement by the administrator from the distributees be established by the evidence, the lands conveyed by them to the respondents cannot be condemned, irrespective of all other questions. The establishment of the distributees liability is a sine qua non to the subjection of the lands. The question, therefore, whether the lands in the hands of the respondents, as purchasers, could be subjected, short of proof of actual fraud, is not presented; nor is it necessary to determine whether the evidence establishes that the personal assets of the decedent, Rogers, were distributed by the administrator, Whetstone.

　　**Affirmed.**

SIMPSON, ANDERSON, and DENSON, JJ., concur.