# Angel *v.* Simpson.

*Bill in Equity for Specific Performance of Contract for Sale or Exchange of Lands.*

1. *Specific performance; sufficiency of description of land in written agreement; parol evidence identifying.*—A written agreement for the exchange of two tracts or parcels of land, described respectively as "400 acres of land in Colbert's Reserve," and "the house and lot now occupied by James H. B.," is not void for uncertainty, but may be specifically enforced in equity, the particular lands being clearly identified by proper parol evidence.

2. *Same; stipulation as to payment.*—In a written agreement for an exchange of lands, a stipulation that one party is to pay the other $125, no time being specified, is not void for uncertainty, but is to be construed as meaning a payment in cash.

3. *Decree pro confesso; waiver of statute of frauds.*—A decree *pro confesso*, under a bill which seeks the specific performance of an agreement for the sale or exchange of lands, cures any defect in the writing as to the description of the lands, and is a waiver of the statute of frauds.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 21st April, 1886, by R. T. Simpson, against James M. Angel; and sought the specific execution of an agreement for the exchange of two tracts of lands. The written agreement, which was made an exhibit to the bill, was dated November 27th, 1885, signed by both parties, and in these words: "Agreement between J. M. Angel and R. T. Simpson. R. T. Simpson sells to J. M. Angel 400 acres of land in Colbert's Reserve, for $4,500, to be paid as follows: Angel to assume two mortgages, amounting to $3,000, and to make Simpson a deed to the house and lot now occupied by Jas. H. Benham, and to pay Simpson $125." The bill alleged that the tract of land mentioned in the writing was "the west half of the east half of section 8, the south-east quarter of section 5, and the west half of the south-west quarter of section 4, township 3, range 12 west, being 400 acres of land in that part of Lauderdale county known as Colbert's Reserve;" that the mortgages

[Angel v. Simpson.]

assumed by Angel were "on said land," without further description; that the house and lot, referred to as occupied by James H. Benham, was situated in the town of Florence, "and more particularly described as the south-west corner of lot No. 384 in the plat of said town, at the intersection of Poplar and Tuskaloosa streets," further describing it by metes and bounds; that said Angel "took possession of said land agreed to be conveyed to him, and complainant took possession of said house and lot;" that the complainant and his wife "executed to said J. M. Angel a good and sufficient deed to said 400 acres of land, and delivered the same to said Angel;" that complainant also "drew up a deed conveying to him said house and lot in Florence, and presented the same to said Angel for signature by himself and wife;" and that said Angel "has hitherto refused, and still refuses to execute said deed to said house and lot, or to pay said $125, or to do any other act towards carrying out said agreement, hereinbefore set forth." On these allegations, the bill prayed a specific performance of the agreement; that Angel be required to execute to complainant "a good and sufficient deed to said house and lot in Florence;" that the $125 to be paid by Angel be declared a lien on the 400-acre tract of land, and the same be sold to satisfy said lien; and the general prayer was added.

A decree *pro confesso*, on personal service, was entered against the defendant. The complainant took his own deposition, and that of W. P. Campbell; and each of them testified to the execution of the agreement for the exchange, and the identity of the land and house and lot therein referred to and those particularly described in the bill. On these facts, the chancellor rendered a decree for the complainant, as prayed; and his decree is here assigned as error.

J. B. MOORE, for appellant.—The agreement sought to be enforced in this case is void under the statute of frauds, and its defects can not be supplied by oral evidence. Neither the tract of land, nor the house and lot, is so described that it can be identified; the mortgages to be assumed are not described, and the time for the payment of the $125 is not specified. The bill seeks to supplement these deficiencies by describing particular property, and alleging that the agreement had reference to that property; but it does not identify the mortgages assumed by Angel, and does not state the time at which the money was to be paid. Nor are

[Angel v. Simpson.]

the averments of the bill sufficient, as to the delivery of a deed, or the taking of possession. To allow the substantial defects of the writing to be supplied and remedied by the oral evidence set out in the record, would be a direct evasion and violation of the statute of frauds.—*King v. Knox*, 36 Ala. 367; *Carroll v. Powell*, 48 Ala. 298; *Carter v. Shorter*, 57 Ala. 253; 1 John. Ch. 367; 2 Story's Equity, §§ 767, 770; *Thompson v. Gordon*, 72 Ala. 455; *Adams v. McMillan*, 7 Porter, 81; 18 Ala. 353; 6 Munf. 212; 2 Wheat. 336.

SIMPSON & JONES, *contra*.—The written agreement is, on its face, a sufficient compliance with the requisitions of the statute of frauds, to justify a specific execution in equity. Waterman on Spec. Performance, §§ 11, 144, 153, 237; *Barry v. Coomb*, 1 Peters, 640, 650; *Moss v. Anderson*, 44 Cal. 3; *Simmons v. Spruill*, 3 Jones Eq. 9; *Simpson v. Breckenridge*, 32 Penn. 287; *Hooper v. Laney*, 39 Ala. 338; *Meyer v. Mitchell*, 75 Ala. 475; *Mead v. Parker*, 115 Mass. 413; *Spangler v. Danforth*, 65 Ill. 152. Parol evidence was admissible to identify the property.—*Insurance Co. v. Oliver*, 82 Ala. 417; *Smith v. Fields*, 79 Ala. 335; *Guilmartin v. Wood*, 76 Ala. 204. The decree *pro confesso* was an admission of the allegations of the bill, and operated as a waiver of the statute of frauds, if that defense had been otherwise available.—*Mewburn v. Bass*, 82 Ala. 622; *Lewis v. Teal*, 82 Ala. 288.

SOMERVILLE, J.—1. The case of *Meyer v. Mitchell*, 75 Ala. 475, is conclusive of the present case, on the main point relied on by appellant's counsel for a reversal. The uncertainty in description of the "400 acres of land in Colbert's Reserve" was entirely removed by proper and legal parol evidence clearly identifying this subject-matter of sale. It was alleged, and satisfactorily proved, that the appellee delivered possession of this land to the appellant, and took possession of the house and lot for which it was exchanged. It appears, moreover, that appellee owned no other land than this 400-acre tract in what was known as the "Colbert Reserve," and the appellant owned no other house than that described as "the house and lot now occupied by James H. Benham." As to the description of the property sold or exchanged by each contracting party, the written agreement, or memorandum, was sufficiently certain, when supplemented by the extraneous evidence introduced in aid of identification.

[Campbell v. Davis.]

*Meyer v. Mitchell,* 77 Ala. 312; *Driggers v. Cassady,* 71 Ala. 529.   The averment of the delivery of the deed by appellee, while it strengthens the force of the evidence of identification, was merely cumulative, and not essential.   Hence it was altogether immaterial, that the acceptance of the deed by the appellant was not averred in the bill, even if it could not be inferentially presumed.

2.   The agreement to pay appellee one hundred and twenty-five dollars, must be construed to mean so much *cash,* and needed no explanation.

3.   The decree *pro confesso,* moreover, was an admission of the allegations of the bill; and this cured the alleged imperfection in the description of the lands which were the subject of exchange or sale.   The defendant also failed to specially plead the statute of frauds—interposing neither plea, answer, nor demurrer to the bill; and he thereby waived all benefit which might otherwise be claimed under it. *Brigham v. Carlisle,* 78 Ala. 243; *Shakespeare v. Alba,* 76 Ala. 351.

We find no error in the record, and the decree of the chancellor is affirmed.