## BENJAMIN R. BACON v. LEO N. LESLIE.

1. SPECIFIC PERFORMANCE — *Sufficiency of Contract.* In an action for specific performance, it is not essential that the description in the written contract for the sale of the land should be given with such particularity as to make a resort to extrinsic evidence unnecessary. If the designation is so definite that the purchaser knows exactly what he is buying, and the seller knows what he is selling, and the land is so described that the court can, with the aid of extrinsic evidence, apply the description to the exact property intended to be sold, it is enough. ( *Hollis v. Burgess*, 37 Kas. 487.)

2. DESCRIPTION OF LAND, *Extrinsic Evidence to Identify.* The defendant signed and delivered to the plaintiff a written contract concerning the transfer and sale of certain real estate. The description of defendant's land was as follows: "$\frac{1}{2}$ of section 7—23—7, and all of section 18—23—7, in Sycamore township, Butler county, Kansas." *Held,* That the contract as to "$\frac{1}{2}$ of section 7—23—7" was not void for indefiniteness or uncertainty, but was valid, and would be specifically enforced if it were alleged in the petition, and established upon the trial, which half of "section 7" defendant actually owned

at the date of the written contract, and that at that date he owned
no other land in "section 7." Parol evidence, in such a case, to
identify "½ of section 7" owned by the defendant, is admissible.

3. CONTRACT — *Reformation* — *Pleading.* Where a written contract de-
scribing land to be conveyed is indefinite and uncertain, and is to be
reformed on account of the mutual mistake or omission of the par-
ties in reducing to writing such contract, or where the description of
the land in the contract can be made sufficiently definite and certain
by extrinsic evidence, the petition should allege all the facts and
what is desired, before a specific performance is decreed; and all
the matters in controversy between the parties, whether as to the
reformation of the contract, if one is necessary, or the identification
of the property by extrinsic evidence, should be settled and con-
cluded in the action for the specific performance, and not leave the
description to be corrected by another or future action for that pur-
pose.

*Error from Butler District Court.*

THIS action was commenced on October 17, 1888, by *Leo
N. Leslie* against *Benjamin R. Bacon*, for the specific per-
formance of a written contract, which plaintiff claimed had
been entered into at Kansas City, Mo., on October 1, 1888,
by himself and defendant, under which Leslie was to convey
to the defendant the following-described property: "Lots 33
and 54, Bernard Place, Kansas City, Mo., with the build-
ings and other improvements thereon, subject to an incum-
brance of $5,350 on each lot, and Bacon was to convey to
Leslie the one-half of section 7–23–7, and all of section 18–
23–7, all being in Sycamore township, in Butler county,
Kansas;" this property to be free and clear of all incum-
brances. Leslie further alleged that he was to have five
days in which to investigate Bacon's property, and if, upon
such investigation, it should prove satisfactory, the contract
was to be binding; otherwise, to be null and void; the deed
to be executed on or before the 15th day of October, 1888.
Leslie also alleged that he examined Bacon's land, found it
satisfactory, notified Bacon thereof, duly tendered him a deed
for the property he was to convey, and deposited an abstract
thereof with H. S. Burgin & Co., showing a perfect title in
himself, and that the property was free and clear of all in-

cumbrances, except the $5,350 on each lot; that the deeds and abstracts were to be deposited with one Burgin, and that Bacon failed and refused to deposit an abstract or to execute the deed; that he (Leslie) had performed all the conditions of the contract which he obligated himself to do, but that Bacon refused to perform each and all the conditions of the contract. Leslie further alleged, that at the time of the execution of the agreement Bacon was the owner of section 18 and the south half of section 7, all in township 23 south, of range 7 east, in Butler county, Kansas, and was not the owner of any other real estate in said section 7, and that the land last above described was the land intended to be conveyed by said contract and was therein described as " one-half of section 7–23–7, and all of section 18–23–7, all being in Sycamore township, Butler county, Kansas." The petition closed with the ordinary prayer for specific performance, costs, and other relief. Embodied in the petition, and made part of it, was a copy of the contract. To this petition defendant filed a general demurrer, which demurrer was by the court, on the 6th day of May, 1889, overruled, and exceptions duly taken. The defendant filed an answer, alleging, first, a general denial; second, a contemporaneous parol agreement between the parties, concerning the payment of liens and incumbrances upon the premises in Kansas City, Mo., and also as to certain representations about the costs of the improvements upon the lots in Kansas City, Mo.; third, that H. S. Burgin & Co. and one Emery connived and conspired together for the purpose of cheating and defrauding the defendant in making such written contract. The plaintiff replied to the answer, denying under oath that H. S. Burgin and Mr. Emery were his authorized or acting agents.

Trial by the court, at the October term for 1889, without a jury. After all the evidence had been introduced and the arguments of counsel, the court made a general finding in favor of the plaintiff and against the defendant, and decreed a specific performance of the written contract, and directed the defendant within 10 days to execute a good and sufficient

warranty deed to the plaintiff for "one-half of section 7, in township 23 south, of range 7 east, and all of section 18, township 23 south, of range 7 east, all in Sycamore township, Butler county, Kansas." Other orders were made to carry this judgment into effect. The defendant excepted to the findings, rulings and judgment of the court, and brings the case here.

*D. S. Twitchell*, and *Redden & Schumacher*, for plaintiff in error:

1. The court below erred in overruling the defendant's demurrer to the petition, and in overruling his objection to the introduction of any testimony under the petition. The contention we make on these points is, that the description of the land is so indefinite that the court cannot decree a specific performance of the contract. *Fry v. Platt*, 32 Kas. 65. See, also, *Pierson v. Ballard*, 20 N. W. Rep. 193; *Appeal of Holthouse*, 12 Atl. Rep. (Pa.) 340; *Nippolt v. Kammon*, 40 N. W. Rep. (Minn.) 266; *Holmes v. Evans*, 48 Miss. 247; 12 Am. Rep. 372; *Clark v. Chamberlain*, 112 Mass. 19; *Nyegert v. Franck*, 22 N. W. Rep. 303; *Carr v. Passaic Co.*, 22 N. J. Eq. 85; *McGuire v. Stevens*, 42 Miss. 724; 2 Am. Rep. 649; 26 Am. Dec., note to the case of *Atwood v. Cobb*, p. 665; *Johnson v. Craig*, 21 Ark. 533.

The contract, being a nullity as to one description and incapable of enforcement as to that, becomes a nullity as to all, for the consideration is entire and cannot be divided; the contract is indivisible, and, being void as to part, the whole fails. *Becker v. Mason*, 30 Kas. 702; *Ellis v. Carey*, 42 N W. Rep. 254; *Bourget v. Monroe*, 25 id. 514; *Hall v. Loomis*, 30 id. 374; *Phillips v. Staunch*, 20 Mich. 369; *King v. Buckman*, 20 N. J. Eq. 316.

2. The court below erred in overruling the defendant's demurrer to plaintiff's evidence. As the plaintiff did not produce any records, nor offer to produce any, by which to prove ownership of the property, and as the offer related exclusively to title to land, and was a set of conclusions about which the

witness on the stand could not testify, and as it would necessarily be a matter of record, or at least in writing, and as no deeds or other writing were presented or proffered, it was clearly incompetent, and comes squarely within the decision of *Hentig v. Redden*, 45 Kas. 21.

3. The court erred in excluding material testimony offered by the defendant, and in striking out material testimony of the defendant after it had been received. Specific performance of a contract for the sale of real property will not be decreed unless the plaintiff proves he has a good title, and if the evidence shows the title is doubtful, a decree will not be made. Fry, Spec. Perf., notes, p. 428, § 859. The burden of showing title in plaintiff rests upon himself, and, without proof thereof, he is not entitled to a decree. *Walsh v. Barton*, 24 Ohio St. 28, 40; *Hinckley v. Smith*, 51 N. Y. 21.

The defendant offered evidence of the statements and actions of Burgin, which were excluded by the court. The contract that plaintiff relied upon shows that Burgin was the agent for both parties, and the testimony throughout the record shows that he was undoubtedly the agent of Leslie, and therefore this evidence ought to have been received. 1 Am. & Eng. Encyc. of Law, p. 359; *Sewing Machine Co. v. Rheinschild*, 25 Kas. 534.

The court erred in striking out all portions of the evidence that had been received concerning the oral contract set up by the defendant, and the fraud alleged by him. See *Babcock v. Deford*, 14 Kas. 408; *Weeks v. Medler*, 20 id. 57; *Schoen v. Sunderland*, 39 id. 760; *Manufacturing Co. v. Stark*, 45 id. 606; *Stevens v. Matthewson*, 45 id. 594; *Waite v. Teeters*, 36 id. 606.

*A. L. L. Hamilton, J. K. Cubbison*, and *Harkless & Marley*, for defendant in error:

1. The description of the property in question is sufficient. *Hollis v. Burgess*, 37 Kas. 487; *Fowler v. Redican*, 52 Ill. 405; *Bowen v. Prout*, 52 id. 354; *White v. Herman*, 51 id. 243; *Ryan v. United States*, 136 U. S. 82; *Mead v. Par-*

*ker,* 115 Mass. 413; *Hurley v. Brown,* 98 id. 545; *Waring v. Dyers,* 40 N. Y. 357; *Robeson v. Hornbaker,* 2 Green Ch. 60; *Owen v. Thomas,* 3 M. & K. Ch. 353; *Bleakley v. Smith,* 11 Simons Ch. 150; *Hooper v. Laney,* 39 Ala. 338; *Springer v. Kleinsorge,* 83 Mo. 152.

2. The contention of the plaintiff in error, that the statements or representations made by Leslie as to the condition of the property, how it was built, the cost of it, or its value, cannot be sustained, for they are matters in parol and were properly excluded. *Shoen v. Sunderland,* 39 Kas. 758.

3. A party who has an opportunity to examine the property, but fails to do so, and prefers to take the representations of the vendor, cannot complain. Wat. Spec. Perf., § 317; Story, Eq. Jur., § 200; *Dyer v. Hargraves,* 10 Ves. 505; *Pratt v. Phillbrook,* 33 Me. 17; *Hough v. Richardson,* 3 Story Rep. 659; *Langdon v. Green,* 49 Mo. 363.

4. But the plaintiff in error does not contend by his answer or his evidence that the land described in the petition is not in fact the land which defendant agreed to sell, and the defendant himself cannot complain of his own description. *Hollis v. Burgess,* 37 Kas. 487; *Flaharaty v. Blake,* 10 Atl. Rep. 158; *Tethrow v. Anderson,* 63 Mo. 96; 2 Green Ch. 63, note at bottom; *Bleakley v. Smith,* 11 Simons Ch. 150; *Torr v. Torr,* 20 Ind. 118.

5. We ask the enforcement of the contract as the parties have written it, and by the description as they have written it. If the description is not as certain as it might be, or apparently defective even, that is a matter defendant cannot complain of, and is a matter we may correct by another or future action for that purpose. *Hollis v. Burgess,* 37 Kas. 494; *Bean v. Valey,* 2 Mo. 126.

The opinion of the court was delivered by

HORTON, C. J.: It is contended on the part of the defendant below that the trial court committed five material errors. They are alleged as follows: (1) The overruling of the de-

murrer to the petition; (2) overruling the objection of the defendant to the introduction of any testimony under the petition; (3) overruling the demurrer of the defendant to the evidence of the plaintiff; (4) excluding material testimony offered by the defendant; (5) striking out material testimony of the defendant after it had been received.

We will discuss the first, second and third objections together, because the principal question presented thereby is, "that the description of the land is so indefinite the court could not declare a specific performance." The property described in the contract is as follows: "$\frac{1}{2}$ of section 7—23—7, and all of section 18—23—7; the above property to be free and clear of all incumbrances, and being in Sycamore township, Butler county, Kansas." The decree for the specific performance described the property in the terms of the contract, and the trial court did not attempt in its decree and judgment to find or adjudge what "$\frac{1}{2}$ of section 7—23—7" was referred to in the contract, or to be included in the deed required by the decree of specific performance. The trial court very properly overruled the demurrer to the petition, and the objection of the defendant to the introduction of testimony, upon the ground that the description in the contract "of $\frac{1}{2}$ of section 7" was too uncertain and indefinite to decree a specific performance, because the petition alleged, among other things, "that at the time of the execution of the agreement the defendant was the owner of section 18 and the south half of section 7, all in township 23 south, of range 7 east, in Butler county, Kansas, and that the defendant was then the owner of no other real estate in said section 7 than the last above described; and that said real estate last above described was the land intended to be conveyed as therein set forth, and described as '$\frac{1}{2}$ of section 7—23—7, and all of section 18—23—7,' and being in Sycamore township, Butler county, Kansas."

It was said in *Hollis v. Burgess*, 37 Kas. 494:

"It is not essential, however, that the description should

be given with such particularity as to make a resort to ex-
trinsic evidence unnecessary.    If the designation
is so definite that the purchaser knows exactly
what he is buying, and the seller knows what he
is selling, and the land is so described that the
court can, with the aid of extrinsic evidence, apply the de-
scription to the exact property intended to be sold, it is
enough." (Fry, Spec. Perf., 3d ed., § 325; Pom. Contr., § 90;
*Fowler v. Redican,* 52 Ill. 405; *Bowen v. Prout,* 52 id. 354.)

1. Specific per-
formance—
sufficiency of
description.

In *Hurley v. Brown,* 98 Mas. 545, the written contract de-
scribed the property as "a house and lot of land situated on
Amity street."   There being several such, parol evidence was
admitted to show that there was one only which the defend-
ant had any right to convey, and that the parties had been in
treaty for the sale and purchase of it.    The court held that
the subject-matter of the contract might thus be identified;
and, when so ascertained, the writing might be construed to
apply to it, and was thus made sufficiently definite and cer-
tain for specific enforcement in equity.

In *Mead v. Parker,* 115 Mass. 413, the description was "a
house on Church street."   The court said:

" When all the circumstances of possession, ownership, sit-
uation of the parties, and of their relation to each other and
to the property, as they were when the negotiations took place
and the writing was made, are disclosed, if the meaning and
application of the writing, read in the light of those circum-
stances, are certain and plain, the parties will be bound by it
as a sufficient written contract or memorandum of their agree-
ment.    That parol evidence is competent to furnish these
means of interpreting and applying written agreements, is
settled by the uniform current of authorities."

In *Waring v. Ayers,* 40 N. Y. 357, the description was
"two lots owned by me in 116th street, N. Y., between Eighth
and Ninth avenues; said lots being 25 feet front by about
75 feet deep.— E. AYERS."   The court said:

"Now, if no other lots will answer that description, there
is no want of certainty in respect to the subject, *i. e.,* the
property to be conveyed.    The referee finds that no other lots
than those named in the judgment will answer that descrip-

tion, and that those named in the judgment do answer the description precisely. I know of no rule of law or equity which requires the employment of one set of terms or form of words to describe real estate proposed to be conveyed. An agreement to sell and convey the farm in the town of Bath, belonging to me, is definite and certain the moment it appears which farm in the town of Bath does in part belong to me." (*Tethrow v. Anderson*, 63 Mo. 86.)

While the allegations in the petition were sufficient, if proven upon the trial, for a specific performance, we do not think there was evidence received by the court identifying half of section 7—23—7. The trial court, for some reason not apparent, improperly refused to permit the plaintiff below to show that at the time of the execution of the contract Bacon owned the south half of section 7—23—7 east, in Sycamore township, Butler county, and that he was the owner of no other real estate in said section 7 than the south half of said section. If this evidence had been received, the 2. Description of land, extrinsic contract as to the half of section 7 would have evidence to identify. been sufficiently identified for specific performance. No motion was made upon the part of the plaintiff below for a new trial, and no cross-petition in error is filed in this court. We therefore cannot correct any rulings of the trial court not complained of and not here upon proper proceedings for reversal. As we are neither informed from the contract or evidence received what half of section 7 was meant, whether the north half, the south half, the east half, or the west half, the description in the record is too indefinite and uncertain.

It is urged by counsel on the part of plaintiff below, that if the description of the half of section 7 is too defective, it may be corrected by another or further action for that purpose, and therefore that the judgment should stand. Some cases are cited apparently supporting this view. (*Bean v. Valey*, 2 Mo. 126; *Cooper v. Laney*, 39 Ala. 338.) Courts, as a rule, abhor a multiplicity of suits between the same parties growing out of the same transactions. We think the better rule to be that, where a contract describing land to be conveyed is indefinite

3. Contract—
reformation—
pleading.

and uncertain, and therefore is to be reformed on account of the mutual mistakes or omissions of the parties, or where it can be made sufficiently definite and certain by extrinsic evidence, the petition should show all the facts, and what is desired before a specific performance is decreed; and all the matters in controversy, both as to the reformation of the contract, if one is necessary, or the identification of the property by extrinsic evidence, should be settled and disposed of in the same action. Upon the trial, it was urged in the presentation of evidence on the part of the plaintiff below that the description in the written contract of the half of section 7 should have been the south half of said section 7; that Bacon gave to the party writing the contract the description as the "south half of section 7," but by inadvertence or mistake of the scrivener it was written "half of section 7." If this be true, plaintiff below might have amended his petition so as to have had the contract reformed, with the proper description as given by the parties to the scrivener.

The claim made upon the part of the defendant below, that if the description of "one-half of section 7" is too indefinite or uncertain in the absence of extrinsic evidence to be enforced, therefore all the descriptions in the contract must be disregarded and the contract itself treated as a nullity, is not reasonable or equitable. If plaintiff below is willing to accept, in payment of his property described in the contract, "all of section 18—23—7, in Sycamore township, Butler county, in this state," the defendant below cannot complain because of the indefiniteness or uncertainty of "one-half of section 7," or of the failure of the plaintiff below to obtain a deed for all the property he brought his action to recover. "It is a rule of construction, that where there is a doubt as to the construction of a deed, it shall be taken most favorably for the grantee. Whence, if there are two descriptions in a deed of the land conveyed, and they do not coincide, the grantee is at liberty to elect that which is most favorable to him." (*Sharp v. Thompson*, 100 Ill. 447; *Melvin v. Proprietors of Locks*, 5

Metc. 27; 3 Washb. Real Prop. 628, 629; *Esty v. Baker*, 50. Me. 331; Wat. Spec. Perf., § 396.)

The case of *Becker v. Mason*, 30 Kas. 697, referred to, is not applicable. In that case, the contract was not signed by the party to be charged. In such a case, the contract must be proved, if proved at all, by some written note or memorandum of the contract signed by the party to be charged. The infirmity in that case vitiated and destroyed the whole of the contract. In this case, the memorandum of the contract is signed by the party to be charged, and the description of a portion of the land therein is definite and certain; a part is indefinite and uncertain, in the absence of extrinsic evidence, but the contract may be held valid as to that which is properly and sufficiently described.

Complaint is also made that the plaintiff below failed in his evidence, because of some alleged defects in his abstract of title. An abstract of title was furnished within the time required by the contract, and a warranty deed was also executed and delivered according to the contract. Defendant below refused to make any conveyance by warranty deed or otherwise; made no objections to the abstract or called attention to any defects therein. It does not appear from the record that the defects now alleged in the abstract or deed were called to the attention of the trial court. On the other hand, it does appear that the principal defenses in the trial were the indefinite description of the property, a contemporaneous parol agreement between the parties, and that the signature of the defendant to the contract was obtained by fraud.

We perceive no material error in excluding or striking out testimony. There was no proof of any consideration for any new or parol contract changing the original contract of the parties. If the parol contract was made contemporaneously with the contract, as a part thereof, or in connection therewith, it could not be proved, if it altered, varied or contradicted the written contract. (*Schoen v. Sunderland*, 39 Kas. 758.) The testimony shows that the defendant below resided in Kansas

City, Mo., where the property he was trading for is situated, and had resided there for over 20 years, and that he lived about three-fourths of a mile from the same.    It further appears from his testimony that he had seen and had had an opportunity to examine the property before he signed the contract; therefore, we do not think any fraud was established, either to obtain his signature to the contract or otherwise. (Wat. Spec. Perf., § 317; Story, Eq. Jur., § 200, and sub.; *Dyer v. Hargrave*, 10 Ves. 505; *Pratt v. Phillbrook*, 33 Me. 17; *Hough v. Richardson*, 3 Story, 659; *Langdon v. Green*, 49 Mo. 363.)

If the plaintiff below will, within 30 days, file in writing in the district court of Butler county his written consent to a modification of the judgment rendered in this case, so as to omit therefrom "one-half of section 7—23—7, in Sycamore township, Butler county, in this state," the judgment will be allowed to stand as thus modified; otherwise, the judgment will be reversed, and the cause remanded for a new trial.    If plaintiff below accepts the modification of the judgment as suggested, the costs in this court will be divided; if he does not so accept, a reversal will be ordered, with costs.

All the Justices concurring.