[Howison v. Bartlett *et al.*]

# Howison *v.* Bartlett *et al.*

*Bill in Equity for Specific Performance of Contract.*

1. *Specific performance of contract for sale of land; indefiniteness of description.*—Neither the statute of frauds nor any principle governing specific performance requires that before a written contract for the sale of land can be enforced, the description of the land must be so definite as to preclude the necessity for a resort to extrinsic evidence to render the given description certain; but though such a contract does not of itself indicate with certainty the quantity or precise location of the land intended to be sold, if the description given renders the property capable of identification by means of a survey, such contract if otherwise valid, can be specifically enforced.

2. *Same; stipulation as to survey.*—Where in a contract for the sale of land, it is provided that there should be a survey of the land, as an incident of the sale and for the purpose of measuring and marking out the property constituting the subject matter of the contract, the making of the survey so provided for is not essential to the completion of the sale; and the failure to have the lands surveyed constitutes no ground for refusing specific performance of the contract.

APPEAL from the Chancery Court of Bibb.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellees, Arthur S. Bartlett, Alonzo Roberson, Edward G. Ensign and the Twin Tree Lumber Company, a corporation, against the appellant, Allen P. Howison, and sought to have specifically enforced the performance of a contract for the sale of land and timber on said lands. The facts as averred in the bill upon which the relief is sought, are sufficiently shown in the opinion. The defendant demurred to the bill upon several grounds, but the substance of the demurrers which are insisted upon, are sufficiently shown in the opinion, and the demurrers need not therefore be set out at length.

38

The defendant also moved to dismiss the bill for the want of equity. Upon the submission of the cause on the motion to dismiss the bill for the want of equity, and upon the demurrers, the chancellor rendered a decree overruling said motion, and the demurrers.

From this decree the respondent appeals and assigns the rendition thereof as error.

PETTUS, JEFFRIES & PARTRIDGE, for appellant.—This contract is fatally defective:

1. It is a contract for the sale of *a part* of two tracts of land at six dollars per acre, and is uncertain as to what particular part or parts of said named tracts was, or were, covered by the written agreement to sell. And being uncertain as to the parts to be sold, the contract was uncertain as to the number of acres, and as to the price to be paid.

2. The contract is *incomplete,* in this: It expressly provides that "said premises are to be at once surveyed by some competent surveyor *to be mutually agreed upon by the parties hereto, and said real* estate and timber rights mapped and plotted and the lines and corners sufficiently marked to designate the outside boundaries of said land, *and the number of acres of land and timber rights computed;* and the expenses thereof shall be borne by the parties hereto equally."—*Ala. Mineral Land Co. v. Jackson,* 121 Ala. 172; *Berry v. Wortham,* 30 S. E. Rep. (Va.) 443; *Hopkins v. Gilman,* 22 Wis. 476; *McGibbin v. Brown,* 1 McCarter (N. J. Chan.) 19; *Cooper v. Wells Hoy,* 1 N. J. Eq.10; *Woodell v. Williams,* 28 N. W. Rep. (Mich.) 796; *McLoughlin v. Piatti,* 27 Cal. 451; *Woodruff v. Woodruff,* 1 L. R. A. 380; *Camden & Am. R. R. Co. v. Stewart,* 18 N. J. Eq. 489; *Mayer v. McCreery,* 23 N. E. R. 1045, S. C. 119 N. Y. 434; *Grosvernor v. Flint,* 20 R. I. 29, S. C. 37 Atl. Rep. 304; Fry on Spec. Perf. § 338-342.

ELLISON & THOMPSON, *contra.*—The contract which is sought to be specifically enforced by this suit was not incomplete in any of its essentials. The provision that the survey was to be made by a surveyor mutually

agreed upon was not an essential part of the contract. *Brundell v. Britacch,* 17 Ves. Jr. 231; *Norfleet v. Southall,* 3 Murphy Rep. 189; *Camden v. Amboy Ry. Co.,* 18 N. J. Eq. (Stewart) 489; *Wardell v. Willim,* 62 Mich. 50-57; *Mayer v. McCreery,* 119 N. Y. 434-7 and 8; *McKibbin v. Brown,* 1 McCarter (N. J. Eq.) 19; *Berry v. Wortham,* 30 S. E. Rep. 443 (Va.); *Grosvenor v. Flint,* 20 R. I. 24 (s. c. 37 At. Rep.); *Hopkins v. Gillman,* 22 Wis. 476.

The contract was not invalid by reason of an uncertainty in the description of the land. The description was sufficiently definite to enable a surveyor to find and locate the lands contracted to be conveyed; this was all that was necessary, and the contract therefore was subject to be specifically enforced.—Pomeroy on Specific Performance of Contracts, § 151, p. 213; Fry on Specific Performance of Contracts, §§ 166, 167, p. 346; *Coles v. Peck,* 96 Ind. 339-341; *Lowe v. Brown,* 22 Ohio St. Rep. 463; *Buss v. Gilliland,* 5 Ala. 765; *Chambers v. Ringstaff,* 69 Ala. 140 (5 H. N.); *DeJarnette v. McDaniel,* 93 Ala. 215; *Green v. Dickson,* 24 S. R. 422-4 s. c.; 2 Mayfield's Digest, § 468; *Liles v. Ratchford,* 88 Ala. 397; *Bogan v. Hamilton,* 90 Ala. 456; *Holley v. Pruitt,* 77 Ala. 335; *Black v. Railroad Co.,* 93 Ala. 111-112; *Homan v. Stewart,* 103 Ala. 644-650; *Meyer v. Mitchell,* 75 Ala. 475; *Angel v. Simpson,* 85 Ala. 53.

SHARPE, J.—Specific performance is sought of a contract for the sale of lands and timber interests in lands which contract, according to the bill, exists by virtue of an option to purchase given by defendant and an acceptance thereof by complainants Bartlett, Roberson, and Ensign, whose property rights thereby acquired have been assigned to the complainant corporation. The contract which gave the option was embodied in a writing executed May 30, 1901, which in addition to the optional contract, stipulated for the immediate sale by defendant to Bartlett, Roberson and Ensign of lands other than those here involved and for a survey of those lands to be made "by a competent surveyor to be mutually agreed upon." Following that

and other stipulations respecting those other lands, was the following which relates to the land interests in controversy: "Said first party, in consideration of the premises, hereby gives to second party an option to purchase two other tracts of timber lands and timber rights or either of said parcels; one known as the Active tract consisting of about three thousand acres more or less, in the vicinity of Active, Bibb county, Ala., and the other known as the Trio tract consisting of about five thousand acres situated near Trio in said county and state, and constituting all the virgin growth long leaf yellow pine timber lands and rights owned by first party in T. 22, R. 11-10 & P., east of Cahaba river, at the price of six dollars ($6.00) per acre, said option to be exercised within ninety days from date. If the option is accepted then purchase to be consummated on the same terms and conditions as hereinabove mentioned except as to price per acre. This option relates only to virgin growth long leaf yellow pine timber land and timber rights which have not been cut or denuded."

On July 18, 1901, defendant executed a written agreement in these words: "For value received I hereby extend the written option on the Active and Trio properties for the period of sixty days from August 30th, 1901." On October 25, 1901, defendant, together with complainants Bartlett, Roberson and Ensign, signed a writing as follows: "Option as to Active and Trio tracts accepted October 25, 1901. Abstracts of title and survey and map to be furnished within thirty days from date and deeds to be delivered and purchase price paid within ten days thereof." From the bill it appears that defendant failed to furnish an abstract, a survey and map of lands in accordance with the agreement, and that complainants made a survey ascertaining that defendant owned in Township 22, Ranges 11, 10 and 9 East of Cahaba river, lands, and timber rights in lands, designated in the bill by government numbers which had not been cut over or denuded of timber.

To defeat the bill the defendant urges only those grounds of his demurrer which are interposed upon the assumption that the contract was incomplete for want

of survey by a surveyor agreed on by the parties; and that the contract is fatally uncertain as to the property intended to be transferred. The demurrer was not well taken. Though the contract does not of itself indicate with certainty the quantity or precise location of what is therein described as the "virgin growth long leaf yellow pine timber lands and timber rights which have not been cut over or denuded," owned by the defendant in the given territory, yet it may be, and according to averments of the bill it is true, that the description given in the contract renders the property capable of identification by means of a survey. Assuming the truth of those averments, the contract will not be allowed to fail for want of certainty in the respect mentioned. Neither the statute of frauds nor any principle governing specific performance requires that a written contract for the sale of land, to be enforceable shall contain such definite description of the land as to preclude the necessity for a resort to extrinsic evidence, such as will render the given description certain.—*Meyer Bros. v. Mitchell,* 75 Ala. 475; S. C. 77 Ala. 312; *Angel v. Simpson* 85 Ala. 53.

By our construction of the stipulation for a survey of the land, it was not intended to make the selection of a surveyor, or the act of surveying, essential to the completion of the sale. Such survey was provided for only as an incident of the sale and for the purpose of measuring and marking out the property constituting the subject matter of the contract.

Decree affirmed.