No. 22,742.

W. O. BROOKENS, MARY MAKINSON, and FLORETTA REYNOLDS, *Appellants*, v. E. E. BROOKENS, et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. WILL—*Description of Land—Identification Reasonably Certain.* A description of land devised in a will giving the ownership and location of it in general terms, which point with reasonable certainty to its identity, is sufficient.

2. SAME—*Income of Land Devised to Unmarried Daughters—No Partition so Long as Either Daughter Remains Unmarried.* The testator provided in his will that the rents and profits of a certain farm should be given to his two unmarried daughters so long as either of them should remain unmarried, or the farm remain unsold, and, subject to this use given to the daughters, all his property was given to his children in equal shares. Some of the children brought this action to obtain a partition of the farm while one of the daughters was unmarried and claiming the rents and profits of the farm. *Held,* that there can be no partition of the farm while the daughter is unmarried, without her consent.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed June 5, 1920. Affirmed.

*Lee Monroe, Guy L. Hursh, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellants.

*Edwin E. Brookens,* and *Edwin D. McKeever,* both of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action a partition of real estate was asked by plaintiffs, and, it being denied, they appeal from the judgment.

Shortly before his death, J. S. Brookens executed a will in which several charitable bequests were made and the use of certain pieces of real estate was given to two unmarried daughters. It was then provided that the residue of his property, real, personal, and mixed, was devised and bequeathed to his six children, including the daughters, share and share alike.

The controversy herein arises over the partition of a farm, the use of which was given to the daughters. The item of the will relating to this use is as follows:

"Item V. I give, devise and bequeath to my daughters, Angie Brookens and Floretta Brookens my home known as Lot Number one in Jones Addition to the City of Holton, Jackson County, Kansas, for a home for such time as they or either of them shall remain unmarried, that is to say, that so long as both of my said daughters remain unmarried it shall be their joint home, but upon the marriage of one of my said daughters, it shall be the home of the other, until such time as she may marry, in which case or her death, it shall then pass to and be controlled by the provisions of Items VII and VIII of this my last will and testament. And my said daughters in this item mentioned shall also have the entire rents and profits of my farm in Smith county, during the time the same shall remain unsold, and they, or either of them, shall remain unmarried."

It appears that J. S. Brookens died testate on January 19, 1914, and that shortly afterwards the daughter Floretta was married to E. R. Reynolds. The other daughter, Angie Brookens, is unmarried and is occupying the home in Holton, and enjoying the use of the farm sought to be partitioned. Three of the six children are asking for a partition of the farm, but are not claiming that the Holton home is subject to division. It is first contended that the land sought to be partitioned is not described so as to bring it within the use provided for in item five of the will. It will be observed that the land is described by the testator in his will as "my farm in Smith county," and there is no claim that he owned any farm land in Smith county other than this tract. A description of a tract of land, although general, is sufficient where it points with reasonable definiteness to its location. Ownership is an aid to identity, and as the will in this case describes the gift as "my farm in Smith county," both ownership and location are given, and together they leave no doubt as to the intention of the testator or as to the identity of the property devised. (*Bacon v. Leslie,* 50 Kan. 494, 31 Pac. 1066; *Zirkle v. Leonard,* 61 Kan. 636; 60 Pac. 318; *Keepers v. Yocum,* 84 Kan. 554, 114 Pac. 1063.)

The principal contention is that under the will the daughters were only to enjoy the use or the rents and profits of the farm until it was sold, and that as a sale may be effected through a division and distribution of the property among the heirs, it is therefore subject to a partition. It is argued that the expres-

sion, "during the time the same shall remain unsold," does not refer to a sale by mutual consent; that a sale would ordinarily be necessary to a division of the property into six shares; and that a sale in this partition proceeding would conform to the terms of the will and terminate the rights of the daughters to the rents and profits of the farm.

We see no difficulty in determining the purpose of the testator. It was first, to provide a home for his daughters as long as they or either of them were unmarried, and upon the marriage of one of them, it should be the home of the other, and if she should marry or die, then the property should be equally divided among the surviving children. Following this gift of the use of a home is a provision for their maintenance while they were unmarried, and this was done by giving them the rents and profits of the farm "during the time the same shall remain unsold, and they or either of them, shall remain unmarried." The provision in relation to the use of the land, read in the light of the preceding provision, clearly shows that the testator intended to provide not only a home in which the unmarried daughters might live, but also to provide for the maintenance and care of each of them while she was single and without the care and protection that a husband would give her. The gift might have been made clearer by more elaboration, but it was the manifest purpose of the testator that the use of the farm should continue as long as either of the daughters was unmarried. He also added the clause "during the time the same shall remain unsold." Evidently he contemplated that a sale by mutual consent might possibly be agreed upon by the heirs and legatees for whom provision was made. Under the will there can be no division of the property while Angie Brookens is unmarried, without her consent. The plaintiffs are not in possession of the property, nor are they entitled to possession or partition of it at this time.

The judgment of the district court is affirmed.