61 So.2d 456
### PILGREEN v. MIREE.
2 Div. 310.

Supreme Court of Alabama.

Nov. 20, 1952.

Judson C. Locke, Marion, for appellant.

T. G. Gayle, Selma, for appellee.

FOSTER, Justice.

This case comes here on appeal from a decree sustaining a demurrer to a bill in equity, seeking specific performance of an alleged contract to sell to complainant twenty acres of land.

The ground on which the demurrer was sustained, as shown by the briefs of counsel, is that the description of the twenty acres set out in the contract is void for uncertainty; and that the facts set out in the bill are not sufficient to validate it. Therefore, the statute of frauds applies. The written instrument is as follows:

"December 13, 1950, received of P. H. Pilgreen ten dollars, $10.00 as binder on 20 acres of land and timber located in Perry County, Alabama, price to be $200.00 for land and timber.

Deed to be made later."

The matter alleged in the bill in an effort to validate said instrument is as follows:

"The complainant avers further that defendant knew the exact 20 acres of land he agreed to sell to complainant, as complainant owned land on three sides of said 20 acres of land, and that said 20 acres of land is the only 20 acres of land owned by defendant which is so located. And that complainant and defendant, with a surveyor, had run out and established the land lines around said 20 acres of land prior to the date complainant paid to said defendant the $10.00 binder on said purchase price of said land."

In all of our cases there is none sustaining the validity of a contract such as that here shown. There is no general descriptive term used as to the tract, except that it is in Perry County. It does not state a name by which the land is known or called. The bill does not allege that it is all the land in Perry County owned by defendant, or the only twenty acre tract which he owns in Perry County, or that complainant was put into possession of the twenty acres described in the bill of complaint. The land is not a part of a larger tract

with the right to select by either seller or purchaser. Alabama Corn Mills Co. v. Mobile Docks Co., 200 Ala. 126, 75 So. 574; 55 Am.Jur. 598, section 123.

■■ We have had many cases which go a long way in justifying support of a general description by parol proof of facts and circumstances which make the description sufficiently certain. But none of them uphold an application of it to the instant situation. See the following cases: Dobson v. Deason, 248 Ala. 496, 28 So.2d 418; Henderson v. Noland, 238 Ala. 213, 189 So. 732, 123 A.L.R. 483; Karter v. East, 220 Ala. 511, 125 So. 655; Slaughter v. Roe ex dem. W. M. Carney Mill Co., 221 Ala. 121, 127 So. 671; Matthews v. Bartee, 209 Ala. 25, 95 So. 289; Alabama Mineral Land Co. v. Jackson, 121 Ala. 172, 25 So. 709; Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Alba v. Strong, 94 Ala. 163, 10 So. 242; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Meyer v. Mitchell, 75 Ala. 475; Sikes v. Shows, 74 Ala. 382.

The demurrer was properly sustained. But the decree will be so modified as to allow appellant thirty days in which to amend the bill if he sees fit to do so.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.