110 So.2d 890

**OLEN REAL ESTATE AND INVESTMENT COMPANY, Inc. et al.**

v.

**L. A. ZIEMAN & COMPANY.**

I Div. 755.

Supreme Court of Alabama.

April 9, 1959.

W. B. Hand and Edmund R. Cannon, Jr., Hand, Arendall & Bedsole, Mobile, for appellants.

Stova F. McFadden and Robt. E. Hodnette, Jr., Tonsmeire & Hodnette, Mobile, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Mobile County, in equity, overruling the respondents' separate demurrers addressed to the bill of complaint as a whole and to each aspect.

The bill was filed by appellee, L. A. Zieman & Company, Inc., a corporation (hereinafter referred to as "Zieman"), against The Olen Real Estate and Investment Company, Inc., a corporation (hereinafter referred to as "Olen Real Estate"), and The Olen Company, Inc., a corporation (hereinafter referred to as "Olen Company"), for specific performance of an alleged contract entered into by Zieman and Olen Real Estate for the conveyance of certain real property in Mobile and for cancellation of a deed executed by Olen Real Estate conveying the property to Olen Company, it being alleged that said deed was executed after the contract sued on was recorded in the office of the Judge of Probate of Mobile County.

The bill alleges that on May 9, 1956, Olen Real Estate contracted in writing with appellee to sell appellee a tract of land in Mobile County consisting of approximately 21 acres for the sum of $50,000 of which the sum of $2,500 was accepted by Olen Real Estate as earnest money.

A copy of the contract is attached to the bill as an exhibit and made a part thereof. Said contract is in the form of an offer by Zieman to Olen Real Estate and an acceptance by Olen Real Estate and bears the heading "offer and acceptance." It describes the property to be conveyed and states a sale price of $50,000, payable $14,000 in cash on delivery of the deed, with the balance payable over a period of ten years in quarterly installments, together with interest at 5% per annum on the unpaid balance and with the privilege of prepaying and saving interest. The contract further provides for crediting the $2,500 earnest money on the cash payment on consummation of the trade. It further pro-

vides for the proration of taxes and insurance, for delivery and possession of the property on date of delivery of the deed, for the conveyance to be made by vendor's lien deed with warranty, for affixing revenue stamps, and for furnishing by Olen Real Estate to appellee of an owner's guaranty of title.

The alleged contract contains the following provision:

"The acceptance of this offer is subject to the release and approval of Olen's contemplated mortgagee."

The bill alleges the following with respect to this provision, viz.:

" * * * That at the time of the execution of the contract said respondent was negotiating for a loan from Liberty National Life Insurance Company, to be secured by a mortgage covering the property described herein in addition to other property owned by said respondent, and that in fact such loan was consummated and such mortgage made bearing date of June 18, 1956 and recorded on June 21, 1956 in mortgage Book 448, page 433, of the records in the office of the Judge of Probate of Mobile County, Alabama. That Liberty National Life Insurance Company was the 'contemplated mortgagee' referred to in paragraph one of said contract and that Liberty National Life Insurance Company not only agreed to release the property herein described from its mortgage but in fact released the mortgage in its entirety by instrument of release dated January 2, 1957, recorded January 8, 1957 in Miscellaneous Book 333, page 525, of said Probate records."

In the bill Zieman "offers to do such equity on its part as the court may deem and direct" and avers that "it has partially complied with the terms of said contract and is ready, willing and able to carry out the balance of the terms of said contract and

pay the balance due thereunder in accordance with the terms thereof."

Appellants insist that the contract shows on its face that it violates the statute of frauds and is unenforceable because Olen Real Estate's acceptance of Zieman's offer was conditional, and because a material provision of the contract, viz.: "The acceptance of this offer is subject to the release and approval of Olen's contemplated mortgagee", is so indefinite and uncertain as to call for parol evidence to explain it. It is insisted also that the bill is demurrable because it fails to allege "approval" of said mortgagee.

 It may be stated as a general rule that where a material provision of a contract is left open for future treaty or negotiation the contract is rendered incomplete and uncertain, and for that reason it is unenforceable in equity. In the contract here involved nothing is left for future treaty or negotiation. The only thing left undetermined is "the release and approval of Olen's contemplated mortgagee." Such "release and approval" is a matter resting entirely with said mortgagee, not a party to the contract. That this is a condition to be fulfilled before Olen Real Estate can be required to perform the contract is not disputed. But such provision is not a condition affecting the validity of the contract to convey. Rather, it is a condition precedent to requiring performance by Olen Real Estate. Accordingly, if this condition precedent has actually occurred then it no longer stands as a barrier to requiring performance of the contract. As said in Williston on Contracts, Rev.Ed., § 666, p. 1911:

"The fact that no duty of performance on either side can arise until the happening of a condition does not, however, make the validity of the contract depend upon its happening."

Cf. Citronelle Turpentine Co. v. Buhlig, 184 Ala. 404, 407, 63 So. 951, where it is said:

" * * * Where defendant cannot perform a contract without obtaining

the consent of a third person, who is free to withhold his consent, and does withhold it, the decree will not be made. But it is no objection to the specific enforcement of a contract that consent of a third person is necessary to its performance, where it appears that he does or will consent. 36 Cyc. 573; Roquemore v. Mitchell, 167 Ala. 475, 52 So. 423, 140 Am.St.Rep. 52; Hurlburt v. Kantzler, 112 Ill. 482; Lyon v. Hardin, 129 Ala. 643, 29 So. 777. * * "

■ It is generally held that specific performance of a contract may be had in equity even though the contract contains a condition precedent, provided such condition precedent has been fulfilled. Pomeroy's Specific Performance of Contracts, 3d Ed., § 335, p. 731; Corbin on Contracts, Vol. 5, § 1175, pp. 766, 767.

■ This brings us to the insistence that the condition precedent in the instant contract is so indefinite and uncertain as to require parol evidence to explain it and that, for this reason, the contract is rendered unenforceable. The general rule as to the admissibility of parol evidence to explain ambiguities in a contract is thus stated in 49 Am.Jur., Statute of Frauds, § 322, p. 636:

"A memorandum sufficient to satisfy the requirement of the statute of frauds must be complete in itself as to the parties charged with liability thereunder and the essential terms of the contract. The memorandum cannot rest partly in writing and partly in parol; that is to say a deficiency in the memorandum cannot be supplied by parol evidence. But parol evidence is admissible to explain ambiguities, and to apply the instrument to the subject matter. * *

"Clearly, the object of a statute which requires an agreement for the sale of land to be in writing is frustrated if any substantive portion of the agreement is established by parol evidence. Oral evidence is admissible in

a suit to enforce specific performance of an agreement for the sale of land only to interpret and apply the language of the written memorandum of agreement. * * * "

In this connection, see: Pilgreen v. Miree, 258 Ala. 200, 202, 61 So.2d 456; Ben Cheeseman Realty Co. v. Thompson, 216 Ala. 9, 12, 112 So. 151; Sadler v. Radcliff, 215 Ala. 499, 503, 504, 111 So. 231; Chandler v. Wilder, 215 Ala. 209, 210, 110 So. 306; Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 696, 99 So. 78; Minge v. Green, 176 Ala. 343, 350, 58 So. 381; Alabama Central Railroad Co. v. Long, 158 Ala. 301, 304, 305, 48 So. 363; Webb v. Elyton Land Co., 105 Ala. 471, 478–479, 18 So. 178; Howison v. Bartlett, 147 Ala. 408, 411, 412, 414, 415, 40 So. 757; Howison v. Bartlett, 141 Ala. 593, 597, 37 So. 590; Angel v. Simpson, 85 Ala. 53, 55–56, 3 So. 758; Hooper v. Laney, 39 Ala. 338, 340; Ellis v. Burden, 1 Ala. 458, 464, 465–466; Waterman on the Specific Performance of Contracts, § 152, p. 200; Lawrence on Equity Jurisprudence, Vol. 1, § 131, p. 173; Pomeroy's Specific Performance of Contracts, 3d Ed., § 161, p. 411.

It is thus stated in Pilgreen v. Miree, supra [258 Ala. 200, 61 So.2d 457]:

"We have had many cases which go a long way in justifying support of a general description by parol proof of facts and circumstances which make the description sufficiently certain. (Citing cases) * * * "

The principle is thus recognized in Sadler v. Radcliff, supra [215 Ala. 499, 111 So. 233]:

"The description was sufficiently definite and certain * * * or may be rendered certain within the rule obtaining in this jurisdiction * * *.

* * * * * *

"In Homan v. Stewart, 103 Ala. 644, 16 So. 35, the bill was for specific performance and the statute of frauds was set up (Head v. Sanders, 189 Ala. 443,

66 So. 621), and the maxim of 'Id certum est quod certum reddi' was applied. Such was the effect of Hamilton v. Stone, 202 Ala. 468, 80 So. 852. And Howison v. Bartlett, 141 Ala. 593, 37 So. 590, and Angel v. Simpson, 85 Ala. 53, 3 So. 758, refute the contention that the memorandum was not sufficient because parol evidence was required to supply the description employed in the memorandum of sale."

In Minge v. Green, supra [176 Ala. 343, 58 So. 383], it is said:

"Courts are loath to strike down [a] deliberate contract because of supposed uncertainty in any of its terms; and, if any of these terms are ambiguous and prima facie capable of more than one meaning, the court will look to the situation of the parties and the objects they had in view to determine their true meaning. * * *"

From Howison v. Bartlett, 141 Ala. 593, 597, 37 So. 590, 591, supra, is the following:

"* * * Neither the statute of frauds nor any principle governing specific performance requires that a written contract for the sale of land, to be enforceable, shall contain such definite description of the land as to preclude the necessity for a resort to extrinsic evidence, such as will render the given description certain. Meyer Bros. v. Mitchell, 75 Ala. 475; Id., 77 Ala. 312; Angel v. Simpson, 85 Ala. 53, 3 So. 758."

◼ We think the bill sufficiently avers the happening of the event—"the release and approval of Olen's contemplated mortgagee"—made a condition precedent to Olen Real Estate's performance of the contract. Appellants argue that the bill is demurrable because it alleges only a "release" by the mortgagee and does not also allege the mortgagee's "approval." While the contract uses the words "release and approval," it seems obvious there could be no "release" by the mortgagee without its "approval." If there has been a "release," as alleged in the bill, then, necessarily, it seems to us, there has been an "approval." Considering the contract as a whole it appears that the object of the condition precedent was to protect Olen Real Estate against any obligation to convey by a "vendor's lien deed with warranty" unless its "contemplated mortgagee" (alleged in the bill to be Liberty National Life Insurance Company) should first make it possible to so convey the land by agreeing to free it from the mortgage. We do not think the word "approval," when considered in connection with the contract as a whole, can reasonably be construed as meaning the general approval or consent of the mortgagee but, instead, means its approval insofar as its mortgage is concerned. How, then, can the mortgagee's approval be shown more effectively than by releasing the mortgage in its entirety? Our view is that the bill sufficiently alleges "the release and approval" of the contemplated mortgagee.

From what we have said it follows that the decree overruling the demurrers is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.